WILLIAM H. PETERS, Receiver, etc., Respondent, v. SARAH GIBSON FOSTER, Appellant.

_A receiver of a national bank of another State, appointed by the Comptroller of the Currency, may sue in a New York State court to recover an assessment made upon a shareholder._

A receiver of a national bank of another State, appointed by the United States Comptroller of the Currency, will not be treated by the courts of the State of New York as a foreign receiver, and can sue therein to recover an assessment levied upon the shareholders of the bank.

The State courts have jurisdiction to entertain such an action, and the act of the Comptroller of the Currency in levying the assessment is conclusive upon debtors and stockholders.

The receiver so appointed is the proper party to bring such an action.

Appeal by the defendant from an interlocutory judgment, entered in the office of the clerk of the county of New York on the 10th day of January, 1890, after a trial of the issue of law formed by the plaintiff's complaint and the defendant's demurrer thereto, at a Special Term held in said county, at which it was adjudged that the demurrer be overruled, with costs, and that in case the defendant did not, within twenty days after the service of the interlocutory judgment with notice of its entry, answer the complaint and pay the costs, that the plaintiff might enter final judgment in the action.

_Benjamin B. Foster_, for the appellant.

_Charles F. MacLean_, for the respondent.

Barrett, J.:

The Exchange National Bank, of Norfolk, Virginia, was organized under the laws of the United States, and was located in the State of Virginia. It was, therefore, a foreign corporation, as defined by the Code of Civil Procedure (§ 3343, subd. 18). The question is, whether the plaintiff, as receiver of this foreign corporation, appointed by the Comptroller of the Currency, can maintain an action in the courts of this State to recover an assessment duly levied upon the shareholders of the bank. Two points are presented by the appellant: First, that the plaintiff is to be treated as a foreign receiver, and, as such, denied a standing in our courts;

second, that he is not the real party in interest. As a subdivision of the first point the appellant contends that exclusive jurisdiction in this class of actions is vested in the Federal courts. The rule, however, is the other way. It was so held with regard to assignees in bankruptcy by the Supreme Court of the United States after full consideration. (*Claflin* v. *Houseman*, 93 U. S., 130.) The conclusion of the court in that case was, that the assignee might sue in the State courts to recover the assets of the bankrupt so long as congress had conferred no exclusive jurisdiction upon the Federal courts. The head-note gives the reason in compendious form as follows:

"The statutes of the United States are as much the law of the land in any State as are those of the State; and although exclusive jurisdiction for their enforcement may be given to the Federal courts, yet where it is not given, either expressly or by necessary implication, the State courts having competent jurisdiction in other respects may be resorted to."

The precise point with regard to receivers of national banks was decided in favor of the jurisdiction of the State courts in *Platt* v. *Crawford* (8 Abb. [N. S.], 308), and the right of such receivers to sue in the State courts was not even questioned in *Platt* v. *Beebe* (57 N. Y., 339); see, also, *Bank of Bethel* v. *Pahquioque Bank* (14 Wall., 383) and *Brinckerhoff* v. *Bostwick* (88 N. Y., 61).

Upon the main question we are of opinion, first, that, even if the plaintiff be treated as a foreign receiver, he should be permitted to proceed in our courts, there being no question here of local rights or interests; but, second, he is not to be treated as a foreign receiver in the ordinary acceptation of that term. The discussions on this head, with which the books abound, are predicated mainly of the demands of local creditors to subject to their claims assets of the debtor within the jurisdiction, to the exclusion of foreign assignees in bankruptcy. The contention in favor of such local creditors (and also in favor of *bona fide* purchasers) was that the foreign statutes had no extra territorial force, and could only bind or pass the title to property within the territorial limits of such foreign country; and, also, as underlying and in aid of the question of right, that the foreign assignee had no standing in our courts except by comity, which would not be extended to them to the prejudice of local creditors. It does not seem, however, to have been generally

doubted that such comity would be extended whenever it did not conflict with or prejudice the rights of our own citizens. Such, at all events, is now the settled law of this State. (*In the Matter of Waite*, 99 N. Y., 433, see specially pp. 446-448; *Barclay* v. *Quicksilver Mining Co.*, 6 Lans., 25.) But, further, the plaintiff is not to be treated, as already observed, as a foreign receiver in its strict sense. Technically, it is true, he is the receiver of a foreign corporation. It will be observed, however, that he is not a receiver appointed by the courts of a foreign country, or even of a sister State, but by an officer of the United States, under authority derived from national legislation. Such cases, therefore, as *Booth* v. *Clark* (17 How. U. S., 322), are inapplicable. A receiver appointed under the laws of the United States has surely no need to appeal, anywhere within the nation, to the doctrine of comity. As was said by Mr. Justice BRADLEY, in *Claflin* v. *Houseman* (*supra*), " the United States is not a foreign sovereignty as regards the several States, but is a concurrent, and, within its jurisdiction, paramount sovereignty. * * * The two together form one system of jurisprudence, which constitutes the law of the land for the State; and the courts of the two jurisdictions are not foreign to each other, nor to be treated by each other as such, but as courts of the same country, having jurisdiction partly different and partly concurrent. The disposition to regard the laws of the United States as emanating from a foreign jurisdiction is founded on erroneous views of the nature and relations of the State and Federal governments."

It is also well settled that the determination of the Comptroller of the Currency to appoint a receiver, and his action in levying the assessment, are conclusive upon debtors and shareholders. (*Platt* v. *Crawford*, *supra*; *Cadle* v. *Baker*, 20 Wall., 650; *Casey* v. *Galli*, 94 U. S., 673; *Kennedy* v. *Gibson*, 8 Wall., 498.)

The remaining question is whether the plaintiff is the proper person to sue. This question has also been settled adversely to the appellant. (*Stanton* v. *Wilkenson*, 8 Benedict, 359; *Bank* v. *Kennedy*, 17 Wall., 21; *Kennedy* v. *Gibson*, *supra*; *Bank of Bethel* v. *The Pahquioque Bank*, 14 Wall., 383; *Platt* v. *Crawford*, *supra*.)

Under section 449 of the Code a person expressly authorized by

statute to sue is excepted from the provision that the action must be prosecuted in the name of the real party in interest. Here the receiver is so expressly authorized. (See cases above; see, too, Revised Statutes of U. S., §§ 5234, 5151; also Act of Congress, Feb. 14, 1880, chap. 25, § 1.) And this is entirely reasonable. For the bank is not the real party in interest, but its creditors; and whatever the receiver collects he must pay over to the treasurer of the United States for the benefit of these creditors.

The interlocutory judgment appealed from should, therefore, be affirmed, with costs.

Van Brunt, P. J., and Bartlett, J., concurred.

Interlocutory judgment affirmed, with costs.