(28 Misc. Rep. 753.)

## BECKHAM v. HAGUE.[1]

(Supreme Court, Special Term, New York County. August, 1899.)

NATIONAL BANK RECEIVER—COSTS.

A receiver of a national bank situated in another state, appointed as such by the comptroller of the currency under the laws of congress, is not to be regarded, when bringing an action in this state against a resident thereof to recover an assessment on stock owned by the latter, as a foreign receiver, so as to entitle defendant, as a matter of right, to security for costs.

Action by R. E. Beckham, as receiver, against James D. Hague. Motion by defendant to require plaintiff to give security for costs. Motion denied.

Strong & Cadwalader, for the motion.
Blair & Price, opposed.

McADAM, J. The plaintiff sues as receiver of the El Paso National Bank of Texas to recover from the defendant an assessment for which it is alleged he became liable as a stockholder of the bank. The plaintiff received his appointment from the comptroller of the currency, pursuant to the power vested in said comptroller by the acts of congress. A receiver appointed under the laws of the United States need not appeal anywhere within the nation to the doctrine of comity. His rights and powers are alike in all the states. The United States is not a foreign sovereignty as regards the several states, but is a concurrent, and, within its jurisdiction, paramount, sovereignty (Claflin v. Houseman, 93 U. S. 130); or, as is said in Re Merriam's Estate, 141 N. Y., at page 485, 36 N. E. 506: "The United States is a government and body politic and corporate, ordained and

[1] Reversed on appeal. See 60 N. Y. Supp. 767.

established by the American people, acting through the sovereignty of all the states." The plaintiff is therefore not a foreign receiver (Peters v. Foster, 56 Hun, 607, 10 N. Y. Supp. 389); so that the defendant is not entitled to security as matter of right, and, if there is a discretionary power in the court to compel the giving of the security, it will not be exercised.

Motion denied, without costs.