(March 3, 1913.)

FRANK R. McCORMICK, Receiver of the FIRST NATIONAL BANK OF SALMON, Respondent, v. WILLIAM C. SMITH, Administrator of the Estate of JOHN C. SINCLAIR, Deceased.

[130 Pac. 999.]

COMPLAINT—CONSTRUCTION OF—SUFFICIENCY OF ALLEGATIONS—NATIONAL BANKS—STOCK IN—ASSESSMENTS OF—DISTRICT COURTS—JURISDICTION.

1. Where it clearly appears from the allegations of the complaint that a clerical mistake was made in a date and the whole pleading taken together clearly shows the correct date, the judgment will not be reversed because of such clerical error.

2.  Sec. 4207, Rev. Codes, provides for a liberal construction of the pleadings with a view to substantial justice between the parties.

3.  A pleading should be so construed as to allege all of the facts that can be implied by fair and reasonable intendment from the facts expressly alleged.

4.  Under the provisions of art. 5, sec. 20, of the constitution of Idaho, and the provisions of sec. 3830, Rev. Codes, the district court has original jurisdiction in all cases both in law and in equity.

5.  The provisions of the United States judiciary act of March 3, 1911, do not confer exclusive jurisdiction upon federal courts in actions upon contracts.

6.  Sec. 256 of said judiciary act declares the jurisdiction of the federal district courts to be exclusive of the state courts in the particular cases set forth in said section, but this section does not include such actions as the one at bar.

7.  The state courts have concurrent jurisdiction in all matters wherein the jurisdiction of federal courts is not made exclusive by the constitution or acts of Congress.

8.  Unless the jurisdiction conferred by the constitution and laws of the United States upon the federal courts is made exclusive of the state courts, state courts retain jurisdiction of all actions wherein they are competent to take jurisdiction under the state laws.

9.  Said courts have jurisdiction of actions to enforce liabilities of stockholders of national banks on stock assessments.

10.  The provisions of sec. 380, Rev. Stats. of the United States, requiring actions brought by an officer of the United States to be conducted by the United States district attorney, are merely directory, as an action of that character may be brought by the receiver's special attorney.

APPEAL from the District Court of the Sixth Judicial District for Lemhi County.   Hon. J. M. Stevens, Judge.

Action to recover assessments on the capital stock of a National Bank.   Judgment for the plaintiff.   *Affirmed.*

E. W. Whitcomb, for Appellant.

"The court cannot incorporate any matter into the plea which the pleader has omitted, whether by accident or design."  (*Hoag v. Warden,* 37 Cal. 522.)

"In construing pleadings before judgment, it is presumed the pleader has stated his case in the most favorable manner

to himself possible." (*Smith v. Buttner,* 90 Cal. 95, 27 Pac. 29; *Jones v. Lathan,* 70 Ala. 164; *Supply Ditch Co. v. Elliott,* 10 Colo. 327, 3 Am. St. 586, 15 Pac. 691; *Cogswell v. Bull,* 39 Cal. 320; 4 Ency. Pl. & Pr. 746 (7), and cases cited; 16 Am. Digest, Cent. ed., "Pleading," sec. 34 (4), p. 238, list of cases cited.)

"Pleadings are to be liberally construed so far as concerns matters of form, but ambiguous or defective statements of facts will be construed most strongly against the pleader." (*State v. Casteel,* 110 Ind. 174, 11 N. E. 219.)

Where there are two inconsistent allegations in a pleading, the one most unfavorable to the pleader must be taken. (*Board of Education v. Shaw,* 15 Kan. 33; *Beadle v. Kansas City etc. R. Co.,* 48 Kan. 379, 29 Pac. 696; *Spear v. Downing,* 34 Barb. (N. Y.) 522.)

District courts of the United States exercise exclusive jurisdiction in matters conferred on them by necessary implication as well as by express acts of Congress. (*Kalispell Lumber Co. v. Great Nor. Ry. Co.,* 157 Fed. 845; *Columbia Valley R. Co. v. Portland etc. Ry. Co.,* 162 Fed. 603, 89 C. C. A. 361; *McKay v. Kalyton,* 204 U. S. 458, 27 Sup. Ct. 346, 51 L. ed. 566, reversing 45 Or. 116, 74 Pac. 491, 78 Pac. 332.) Suits like the one at bar shall be conducted by the United States district attorney. (U. S. Rev. Stats., sec. 380; 5 Fed. Stats. Ann., p. 197; U. S. Comp. Stats. 1901, p. 213; *Bethel Bank v. Pahquioque Bank,* 14 Wall. (U. S.) 400, 20 L. ed. 840.)

F. J. Cowen, for Respondent.

Errors which are obviously clerical and leave the meaning unimpaired will be disregarded. (1 Sutherland on Code Pleading, sec. 93, citing *Briggs v. Mason,* 31 Vt. 433.)

Our statute contains the section for the liberal construction of pleadings with the view to substantial justice between the parties. (Rev. Codes, sec. 4207; *Holt v. S. & P. Ry. Co.,* 3 Ida. 703, 35 Pac. 39; *Cantwell v. McPherson,* 3 Ida. 321, 29 Pac. 102; *Shaw v. Manville,* 4 Ida. 369, 39 Pac. 559; *Stuart v. Noble Ditch Co.,* 9 Ida. 765, 76 Pac. 255; 31 Cyc. 79, 80,

and cases cited under note 5; *Chambers v. Hoover*, 3 Wash. Ter. 107, 110, 13 Pac. 466; *Cone v. Ivinson*, 4 Wyo. 203, 33 Pac. 31, 35 Pac. 933, *Daniels v. Andes Ins. Co.*, 2 Mont. 78; 4 Cyc. Pl. & Pr.)

The state courts will exercise concurrent jurisdiction in all matters wherein the jurisdiction of the federal courts is not made exclusive by the constitution or acts of Congress. (*Claflin v. Houseman*, 93 U. S. 130, 23 L. ed. 833; *First Nat. Bank of Charlotte v. Morgan*, 132 U. S. 141, 10 Sup. Ct. 37, 33 L. ed. 282; *Ordway v. Baltimore C. N. Bank*, 47 Md. 217, 28 Am. Rep. 455; *Bletz v. Columbia N. B.*, 87 Pa. 87, 30 Am. Rep. 343.)

Unless the jurisdiction conferred by the constitution and laws of the United States upon the federal courts is made exclusive of the state courts, the state courts will entertain jurisdiction of all actions wherein they are competent to take jurisdiction under their own laws. (*Raisler v. Oliver*, 97 Ala. 714, 38 Am. St. 215, 12 So. 238; *Fresno N. B. v. Superior Court*, 83 Cal. 498, 24 Pac. 159; *Wilcox v. Luco*, 118 Cal. 639, 62 Am. St. 306, 45 Pac. 676, 50 Pac. 759, 45 L. R. A. 582; *Continental N. B. v. Folsom*, 78 Ga. 456, 3 S. E. 269; *Kidder v. Horrobin*, 72 N. Y. 165; *Brinkerhoff v. Bostwick*, 88 N. Y. 60; *Hade v. McVay*, 31 Ohio St. 236; *Paul v. McGraw*, 3 Wash. 302, 28 Pac. 533.)

The state courts have always entertained jurisdiction of actions to enforce the liability of the stockholder, and their right to do so seems to be generally conceded. (*Dent v. Matteson*, 73 Minn. 170, 75 N. W. 1041; same case on writ of error to supreme court of the United States, *Matteson v. Dent*, 176 U. S. 521, 20 Sup. Ct. 419, 44 L. ed. 571; *Davis v. Weed*, 44 Conn. 569, Fed. Cas. No. 3658; *Graham v. Platt*, 28 Colo. 421, 65 Pac. 30; *Kerr v. Urie*, 86 Md. 72, 63 Am. St. 493, 37 Atl. 789, 38 L. R. A. 119; *Laing v. Burley*, 101 Ill. 591; *First Nat. Bank v. Ocean Nat. Bank*, 60 N. Y. 278, 19 Am. Rep. 181; *In re Beard*, 7 Wyo. 111, 75 Am. St. 882, 50 Pac. 226, 38 L. R. A. 860; *O'Connor v. Witherby*, 111 Cal. 523, 44 Pac. 227.)

SULLIVAN, J.—This action was brought to recover judgment against the defendant as administrator of the estate of John C. Sinclair, deceased, for the sum of $9,500 with interest, for an assessment levied on national bank stock.

It appears from the record that said deceased was a stockholder, and held ninety-five shares of the capital stock of the First National Bank of Salmon, which bank was doing a general banking business in Salmon City until about June 8, 1911, when it voluntarily suspended business; that thereafter, on August 8, 1911, the United States controller of the currency, who was in charge of said bank, determined the same to be in an insolvent condition and appointed a receiver therefor, who thereupon took charge of the business of said bank for the purpose of winding up its affairs; that the plaintiff in this action was the duly appointed and qualified receiver; that Sinclair died on or about September 4, 1911, and at the time of his death was the owner of said ninety-five shares of the capital stock of said bank; that the defendant was the duly appointed, qualified and acting administrator of the estate of said deceased; that on January 11, 1911, the controller of the currency of the United States levied an assessment upon the capital stock and stockholders of said bank to the full amount of the capital stock, or the sum of $100 per share on the entire capital stock of said bank; that on January 22, 1912, the plaintiff demanded from the defendant, as administrator of the estate of said deceased, the payment of the amount so levied upon said shares; that on March 30, 1911 (1912), the plaintiff presented to the said administrator an account duly verified for allowance, and that the defendant, as administrator, disallowed said claim and refused and failed to pay said sum of $9,500 or any part thereof.

A general demurrer was filed, based on two grounds: 1st. That the complaint did not state a cause of action; 2d. That the court had no jurisdiction in the matter. The court overruled said demurrer and the defendant failed and refused to answer further, and a judgment by default was entered against him to the full amount of said sum of $9,500 with interest. The appeal is from the judgment.

(1) The main specification of error is to the effect that there is no allegation in the complaint that the claim sued for was duly verified and presented to the administrator within the time prescribed by law, and this contention is based on the ground that the allegation in regard to that matter averred that said claim was presented to said administrator for allowance on March 30, ''1911,'' instead of March 30, ''1912.''

From the allegations of the complaint it is clear that the claim was presented on the 30th of March, 1912, and that the use of the figures ''1911'' is purely a clerical error. It is well settled that errors which are obviously clerical and leave the meaning unimpaired will be disregarded. (1 Sutherland on Code Pleading, sec. 93, and authorities there cited.) It was conceded on oral argument that this clerical error was not called to the attention of the court on the argument of the demurrer. It no doubt would have been corrected there had the court's attention been called to it.

It is alleged in the complaint that the bank suspended business on June 8, 1911; that the bank was declared insolvent and a receiver appointed on or about August 8, 1911; that Sinclair died on or about September 4, 1911, and that thereafter an assessment was levied upon the capital stock of said bank on January 11, ''1911.'' If Sinclair did not die until September 4, 1911, and the assessment was not levied until after the bank had been declared insolvent in August, 1911, the assessment could not have been levied on January 11, 1911, but must have been levied on January 11, 1912, and since the administrator was not appointed until after the death of Sinclair on September 4, 1911, the claim could not have been presented to him as administrator of said deceased's estate on March 30, 1911. Those dates are thus shown to be clerical errors, and should have been ''1912'' instead of ''1911.'' These clerical errors are too apparent on their face to justify the court in sustaining the contention of appellant in regard to them. Had the trial court's attention been called to the errors in those two dates, they no doubt would have been corrected instanter. It was certainly carelessness on the

part of the pleader not to have his dates correct, but the whole pleading taken together clearly indicates that said errors were only clerical and the judgment should not be reversed because of them. Sec. 4207, Rev. Codes, provides for a liberal construction of pleadings with a view to substantial justice between the parties. It does not appear that the defendant has been misled because of the clerical errors in those dates. A pleading should be construed so as to allege all of the facts that can be implied by fair and reasonable intendment from the facts expressly stated. (31 Cyc., pp. 79, 80, and note 5; 4 Ency. Pl. & Pr., p. 749 and note.) This contention is without merit.

(2) It is next contended that the district court of the United States has original and exclusive jurisdiction in this action, and counsel cites U. S. Judicial Code, chap, 2, sec. 24; 36 Stats. at Large, 1091; 5 Fed. Stats. Ann., p. 193; U. S. Comp. Stats. (Supp. 1911), p. 135, and other authorities. This contention is without merit. This is an action upon a contract, and does not come within the provisions of the laws of Congress conferring exclusive jurisdiction upon United States district courts in certain cases, but does come within the jurisdiction conferred by our state constitution and statutes upon the district courts of this state. (Art. 5, sec. 20, Const. of Idaho; sec. 3830, Rev. Codes.) The United States judiciary act of March 3, 1911, does not confer exclusive jurisdiction upon the federal courts in actions upon contracts. That portion of the act which refers to national banks is found in subd. 16, sec. 24, Hopkins' Judicial Code, p. 34. Sec. 256 of the same code declares the jurisdiction of the federal district courts to be exclusive of the state courts in the particular cases set forth in said section, and none of such cases include causes of action such as the one at bar. It is well established that the state courts have concurrent jurisdiction in all matters wherein the jurisdiction of the federal courts is not made exclusive by the constitution or acts of Congress. (*Claflin v. Houseman,* 93 U. S. 130, 23 L. ed. 833; *First Nat. Bank of Charlotte v. Morgan,* 132 U. S. 141, 10 Sup. Ct. 37, 33 L. ed. 282; *Ordway v. Central C. N. Bank,*

47 Md. 217, 28 Am. Rep. 455; *Bletz v. Columbia N. B.,* 87 Pa. 87, 30 Am. Rep. 343.)    But jurisdiction is expressly conferred upon state courts by the latter part of sec. 5198, Rev. Stats. of the U. S.; Fed. Stats. Ann., p. 196; U. S. Comp. Stats. 1901, p. 3493.    Unless the jurisdiction conferred by the constitution and laws of the United States upon the federal courts is made exclusive of the state courts, state courts retain jurisdiction of all actions wherein they are competent to take jurisdiction under their own laws.    (*Claflin v. Houseman, supra; Raisler v. Oliver,* 97 Ala. 710, 38 Am. St. 213, 12 So. 238; *Peters v. Foster,* 56 Hun, 607, 10 N. Y. Supp. 389; *Platt v. Crawford,* 8 Abb. Pr., N. S., 297.)

The state courts have entertained jurisdiction of actions to enforce the liability of stockholders of national banks and their right to do so is conceded.    (*Dent v. Matteson,* 73 Minn. 170, 75 N. W. 1041; *Matteson v. Dent,* 176 U. S. 521, 20 Sup. Ct. 419, 44 L. ed. 571.)    Sec. 380 of the Rev. Stats. of the U. S., 5 Fed. Stats. Ann., p. 197; U. S. Comp. Stats. 1901, p. 213, requiring actions brought by an officer of the United States to be conducted by the United States district attorney, is held in the case of *Kennedy v. Gibson,* 8 Wall. (U. S.) 498, 19 L. ed. 476, to be merely directory, and that an action of this character may be brought by the receiver's special attorney.

The judgment must be affirmed, and it is so ordered, with costs in favor of the respondent.

Ailshie, C. J., and Stewart, J., concur.