L. R. BAIRD, as Receiver of the Farmers State Bank of Belfield, North Dakota, Respondent, v. ADAM A. LEFOR and State Bonding Fund and S. A. Olsness, as Commissioner of Insurance of the State of North Dakota. Adam A. Lefor, Appellant.

(38 A.L.R. 807, 201 N. W. 997.)

**Appeal and error — order overruling objection to jurisdiction of judge is not appealable.**

1. An order overruling an objection to the jurisdiction of a judge to hear and determine a cause is not appealable under the provisions of § 7841, Comp. Laws, 1913.

**Banks and banking — statute as to designation of judge to hear actions for liquidation of insolvent banking corporation held valid.**

2. Chapter 137, Session Laws, 1923 is a constitutional enactment. State v. First State Bank, post, 231, 202 N. W. 391, followed and approved.

---

Note.—(5.) Receiver as public officer within constitutional or statutory provision, see annotation in 38 A.L.R. 812.

**Banks and banking — designation of judge to hear and determine actions for liquidation of insolvent banks is not designation to hear actions by or against receiver.**

3. The designation of a district judge to hear and determine actions for the liquidation of insolvent banking corporations under the provisions of chapter 137, Session Laws, 1923, is not a designation to hear and determine actions brought by or against any receiver appointed by such judge pursuant to the provisions of said chapter 137. Such actions stand in the same position as any other actions insofar as the provisions of law relating to the venue thereof or the judges who shall sit in the trial of the same are concerned.

**Officers — statute providing for appointment of receiver for insolvent bank by court does not create civil office.**

4. Chapter 137, Session Laws, 1923 provides a mode of procedure for the liquidation and winding up of insolvent banking corporations in accordance with well established equitable rules, and by providing for the appointment of a receiver by the court does not create a civil office within the meaning of that term as used in Section 39 of the Constitution.

**Officers — receiver appointed to wind up insolvent bank is not holder of "civil office."**

5. A receiver appointed under the provisions of chapter 137, Session Laws, 1923 is not the holder of a civil office within the meaning of that term as used in § 39 of the Constitution providing that "No member of the legislative assembly shall, during the term for which he was elected, be appointed or elected to any civil office in this state, which shall have been created, or the emoluments of which shall have been increased, during the term for which he was elected; nor shall any member receive any civil appointment from the governor, or governor and senate during the term for which he shall have been elected."

Opinion filed December 31, 1924.

Appeal and Error, 3 C. J. § 258 p. 443 n. 59.  Banks and Banking, 7 C. J. § 473 p. 724 n. 71; § 507 p. 737 n. 5.   Officers, 29 Cyc. p. 1382 n. 80; p. 1384 n. 91.

Appeal from the District Court of Burleigh County, *Cooley*, Special J.

Affirmed.

*Simpson & Mackoff*, for appellant.

"Courts cannot be legislated out of existence and that the Legislature is powerless to increase or diminish the jurisdiction conferred by the Constitution." McDermont v. Dinnie, 6 N. D. 278.

"A judge of a certain district cannot act in another district unless acting upon the request of another judge, which is made in conformity with the statute." State v. Hanley, 43 N. D. 388; Peterson v. Finnegan, 45 N. D. 101.

"Every one who is appointed to discharge a public duty, and who receives compensation in whatever shape, whether from the crown or otherwise." 22 R. C. L. 372, § 2; 22 R. C. L. 383, § 15.

"For a position to be an office it is essential it be created by constitution or statute, or the sovereign power should have delegated to an inferior body the right to create the position in question." Patton v. Board of Health, 127 Cal. 588, 78 Am. St. Rep. 66, 59 Pac. 702; note to Ann. Cas. 1917D, 320; 22 R. C. L. 372, 383, §§ 2, 15.

"The rule is that an officer may receive his appointment not only thru an executive officer but may receive such appointment thru a court." 22 R. C. L. 384, § 19; 29 Cyc. 1369.

"A public office, under American Law and usage, is a trust which cannot be the subject of purchase, and is not capable of being inherited." Sanches v. United States, 42 Ct. Cl. 458, confirmed in 216 U. S. 167, 54 L. ed. 432, 30 Sup. Ct. Rep. 361.

"A position is an office whether elected or appointed and whether for a fixed term or during the pleasure of the appointing power." Fergus v. Russell, 270 Ill. 304, 100 N. E. 130.

"An office is a position or situation in which one is employed to perform certain duties, or by virtue of which he becomes charged with the performance of certain duties, public or private, or a place of trust, and emolument is a usual, but not a necessary, element of office. Wills v. State, 175 Ind. 380, 94 N. E. 321.

"The receiver of a National Bank appointed in accordance with an act of congress, is an officer of the United States." Platt v. Beach, 2 Ben. 316, 1 Thomp. Nat. Bank Cas. 182.

A receiver is a civil officer. Stanton v. Wilkeson, 8 Ben. 357 (U. S. Dist. Ct.); Bartlet v. Smith (Wis.) 129 N. W. 782; Hanson v. Cole, 189 Ill. App. 19; Frelingheuysen v. Baldwin, 12 Fed. 395.

"The appointment of a member of the legislature to office in violation of a constitutional provision is void, both for want of capacity in the appointee to accept and for want of authority in the appointing power to appoint."

"An office which legislators are forbidden to create and then enjoy, is any continuing charge or employment, or duty, defined by the rules prescribed by law, and not by contract." Shelby v. Alcorn, 36 Miss. 273.

*Zuger & Tillotson,* for respondent.

At most, judgments and ruling of a judge acting outside of the district for which he was elected are voidable. Such judgments and orders are not vulnerable to technical attack. State ex rel. McDonald v. Hanley, 43 N. D. 388, 175 N. W. 569; Peterson v. Finnegan, 45 N. D. 101, 176 N. W. 734.

"The law is elementary that the designation of proceedings as taking place under a special appearance does not change the nature of the act done; and if the jurisdiction of the court is invoked, as by demurrer to the subject-matter, the appearance must be held to be a general one; and, even though made under a special appearance, jurisdiction of the person is conferred for all purposes." Albrecht v. Zimmerly, 23 N. D. 337, 136 N. W. 240.

"A receiver is a servant of the Court and not an officer of the State or any of the political subdivisions or municipalities of the commonwealth. The receiver derives his authority through the court, his acts are the acts of the court and he possesses no independent official power as is usually possessed and exercised by civil officers. United States v. Hatch, 1 Pinney (Wis.) 182, notes; 7 Cyc. 157; Benedict v. New Orleans, 115 La. 645, 39 So. 792.

"Generally speaking a receiver is not an agent, except of the court appointing him; that very term receiver negatives such an idea. He is merely a ministerial officer of the court, or, as he is sometimes called, the hand or arm of the court—his acts and possession are the acts and possession of the court—. His authority is derived solely from the act of the court appointing him, and he is the subject of its orders only". 25 R. C. L. § 2, p. 8.

"The words 'office' and 'civil office' have several meanings. The sense in which they are used in any particular place can usually be determined by a reference to the context and the subject-matter of the instrument. Sometimes they would include the president and trustees of a corporation, executors, deputies, etc., but no such meaning can be attached to them here. They only refer to such officers as are con-

nected with the civil administration of the government, and were doubtless intended to include all such, to the exclusion of military officers." State v. Clarke, 18 L.R.A. 313.

NUESSLE, J. This appeal raises questions touching the constitutionality and effect of chapter 137, Session Laws, 1923. The primary matters of fact necessary to an understanding of the case and the points involved are as follows: L. R. Baird, the plaintiff, was appointed as receiver of banks in process of liquidation under the provisions of chapter 137, supra, by the Honorable Chas. M. Cooley, one of the judges of the First Judicial District of the State of North Dakota. Judge Cooley was designated by this court under the provisions of § 18 of chapter 137, supra, to hear and determine actions to liquidate and wind up the affairs of insolvent banks within the state. The act in question consolidates and fixes the venue of such insolvency proceedings in Burleigh county in the Fourth Judicial District. The defendant Lefor had been receiver of the Farmers State Bank of Belfield in the Sixth judicial district, appointed under the provisions of chapter 53, Session Laws, 1915. The instant action was brought in Burleigh County by Baird against Lefor for an accounting of this receivership. Lefor demurred to the complaint. The demurrer came on for hearing before Judge Cooley in Burleigh county. Lefor then objected to the jurisdiction of Judge Cooley to hear the cause on the ground that he was not one of the regular elected judges in and for the Fourth judicial district and had not been designated or requested to hear and determine the same. This objection was overruled. Thereupon the hearing proceeded and the demurrer also was overruled. The defendant then perfected a double appeal to this court; first, from the order overruling his objection to Judge Cooley's jurisdiction and, second, from the order overruling the demurrer. The defendant here contends, first, that Judge Cooley was not authorized to hear and determine the cause; second, that chapter 137 is unconstitutional and void; third, that though such chapter 137 be constitutional, nevertheless the appointment of the plaintiff Baird is void under § 39 of the Constitution of North Dakota; and, lastly, that the complaint does not state facts sufficient to constitute a cause of action for an accounting.

In the case of State v. First State Bank, just decided, this court passed upon the constitutionality of chapter 137, Session Laws 1923. In that case, the statute was held to be constitutional. We know of no reason why we should recede from the conclusion there arrived at. On the contrary further consideration has but tended to strengthen us in that conclusion. Incidentally, in that case, the question of jurisdiction, as raised in the instant case, was also determined.

The defendant here first seeks a review of the order of the District Court overruling the objection to the jurisdiction of Judge Cooley. Section 7841 enumerates the orders from which an appeal may be taken. The plaintiff urges that the order sought to be appealed from is not within those thus enumerated. We are of the opinion that this position is well taken. If the order is within the purview of § 7841, supra, it must be under the fourth sub-section thereof, which provides that an order is appealable when it involves the merits of an action or some part thereof. We cannot see, however, how the order here complained of can be said to involve the merits of the action. The order is not appealable.

We deem it proper, nevertheless, to call attention to the holding in the case of State v. First State Bank, supra, wherein in discussing the effect of chapter 137, supra, it is said: "It is, we think, too clear for controversy that the legislature, in fixing the venue of actions (in chapter 137), intended to deal and dealt only with actions for the liquidation of insolvent banking corporations. The provisions in the act relating to venue have reference to such actions and such actions only, and there was no intention to make any changes in the existing laws as regards the venue of suits by or against a receiver of an insolvent banking corporation." The effect of this holding is, of course, that the designation of Judge Cooley by this court was not a designation to try and determine actions that might be brought by or against any receiver appointed by him pursuant to the provisions of chapter 137. Such actions stand in the same position as any other actions, insofar as the provisions of law relating to the venue thereof or the judges who shall sit in the trial of the same are concerned. Thus, it follows that the designation of Judge Cooley to hear and determine actions for the liquidation of insolvent banking corporations under the provisions of chapter 137, Session Laws 1923, was not a designa-

tion to hear and determine actions brought by or against any receiver appointed by him pursuant to the provisions of said chapter 137.

We are chiefly concerned on this appeal with the second ground urged by the defendant in support of his demurrer; that is, that the appointment of the plaintiff Baird as receiver of banks in liquidation was and is void under § 39 of the Constitution by reason of the fact that the plaintiff was a member of the state senate at the time that chapter 137 was enacted and whose term had not expired at the time of the appointment. Section 39 of the Constitution reads as follows:

"No member of the legislative assembly shall, during the term for which he was elected, be appointed or elected to any civil office in this state, which shall have been created, or the emoluments of which shall have been increased, during the term for which he was elected; nor shall any member receive any civil appointment from the governor, or governor and senate during the term for which he shall have been elected."

Thus, the determinative questions are as to whether the receivership contemplated under the provisions of chapter 137 is a civil office within the meaning of that term as used in § 39 of the Constitution, and whether, if it is such an office, it was created or its emoluments increased by the act in question.

The preamble to chapter 137 recites the conditions existing and which in the legislative judgment gave rise to the necessity for the enactment of that chapter. The whole state was suffering from the ills consequent in agricultural communities on the deflation following the war. There had been bank failures in every section. Nearly all of the insolvent institutions were in the hands of administrative receivers designated by the bank examiner under the provisions of chapter 53, Session Laws, 1915. The legislative intent and purpose appears clear and plain to insure the speedy, efficient, and economical liquidation of the large number of state banks then insolvent. In the legislative judgment the emergency was such, and so affected the general public welfare as to warrant the exercise of original jurisdiction by this court. The legislative thought was that by superseding the many administrative receivers by one general court receivership, the ends and purposes it aimed at could be best attained. Therefore, it provided that the various banks in process of liquidation should be

wound up in one action and that the court in charge of such proceeding should in the exercise of its general equitable powers appoint one or two receivers as its agent or agents in the accomplishment of this end. See § 8 of the act. The procedure thus contemplated and provided was no stranger to our law. It was that generally provided for by art. 3 of chapter 27 of the Code of Civil Procedure, being §§ 7989 et seq., Comp. Laws, 1913. The power of appointment of receivers is inherent in courts of equity, and the office of receiver, if office it be called, has been known for centuries. The legislature, therefore, created no new office; nor did it provide for the designation or appointment of any new officer. Neither did it increase the emoluments of such office. Chapter 137 contemplated the exercise of equitable powers by either the Supreme or the district court, and if by the district court by a judge of that court designated by the Supreme Court. The appointment of the receiver or receivers was to be by such district judge so designated. The inherent power of appointment of receivers by the court was recognized. The legislative intent was to limit rather than to confer this power, as is evidenced by limiting the number of receivers to be appointed to two. No provision was made for the compensation of such receivers. That was left to be fixed by the court appointing. No term of office was fixed. Nothing was said as to the qualifications of the appointees. All was left to the discretion of the court. It simply provided a method for the administration of insolvent banks in process of liquidation in accordance with ancient equitable rules. The receivership was merely incidental thereto.

We think that a receiver appointed by a court is not the holder of a civil office within the meaning of that term as used in the Constitution. It is true that he is an officer of the court. See Hoffman v. Bank of Minot, 4 N. D. 473, 61 N. W. 1031; State ex rel. Miller v. People's State Bank, 22 N. D. 583, 135 N. W. 196; Platt v. Beach, 2 Ben. 303; 1 Thomp. Nat. Bank Cas. 182, Fed. Cas. No. 11,215; Beach, Receivers, § 29; 34 Cyc. p. 236 and cases cited. But he is not a public officer. Cohnen v. Sweenie, 105 Mich. 643, 63 N. W. 641; Citizens' Commercial & Sav. Bank v. Bay Circuit Judge, 110 Mich. 633, 68 N. W. 649; High, Receivers, § 2; 22 R. C. L. 398. And Blackstone says: "An office is a right to exercise a public or pri-

vate employment and to take the fees thereunto belonging, whether public as those of magistrates, or private, as of bailiffs, receivers, and the like." 2 Bl. Com. 36. A receiver is an officer of the court in the sense that he is the agent or representative of the court in holding any property that the court may acquire jurisdiction over and in disposing of the same; the hand and arm of the court through whom the court acts. He is appointed by and is removable at the pleasure of the court. He is responsible to no one but the court. His compensation is fixed by the court. He can sue or be sued but only under the direction and with the permission of the court. His authority comes from the court and in its exercise he has no discretion independent of the court. He exercises none of the powers of civil government. He is no more a civil officer than is an attorney at law, or a guardian, or a referee, or a jury commissioner, or a juryman, or any "officer" appointed by the court to enable it to properly function as a court.

The defendant urges in support of his contention that a court receiver is a civil officer, and therefore holds a civil office, the authority of numerous decisions of the federal and other courts holding that a national bank receiver is a public officer. He cites: Stanton v. Wilkeson, 8 Ben. 357, 2 Browne, Nat. Bank Cas. 162, Fed. Cas. No. 13,299 (U. S. Dist. Ct.); Frelinghuysen v. Baldwin (D. C.) 12 Fed. 395; Armstrong v. Etlesohn (C. C.) 36 Fed. 209; Gilbert v. McNulta (C. C.) 96 Fed. 83; Wickham v. Hull (C. C.) 60 Fed. 326; Peters v. Foster, 56 Hun, 607, 10 N. Y. Supp. 389; Stephens v. Bernays (D. C.) 41 Fed. 401; Thompson v. Pool (C. C.) 70 Fed. 725; Speckhart v. German Nat. Bank (C. C.) 85 Fed. 12; Aldrich v. Campbell, 38 C. C. A. 347, 97 Fed. 663; Price v. Abbott (C. C.) 17 Fed. 506. He argues that if such a receiver is a public officer, likewise the receiver in the instant case must be a public officer and the holder of a public office. And that public office and civil office are synonymous. But a receiver of a national bank is not a court receiver. He is an administrative receiver. He is appointed by the comptroller of the currency with the presumed concurrent approval of the Secretary of the Treasury. He is answerable to no court, except as a litigant and in no manner different from that in which any other

litigant is answerable.  The holding of the whole line of authorities cited by the defendant beginning with the case of Platt v. Beach, supra, is based upon this distinction.  Judge Benedict in the Platt case, analyzing the character of a national bank receiver, says that he is an officer, but that he is not a court officer and that, therefore, he must be an officer of the United States; thus, drawing the very distinction that the defendant seeks to avoid.  The appointment of the plaintiff as receiver is not void as contravening § 39 of the Constitution.

There remains but one other matter for consideration.  The defendant contends that the complaint does not state facts sufficient to constitute a cause of action; that it does not particularly point out the delinquencies of the defendant; that the defendant must be and is uncertain as to the matters and things in and for which he is called upon to account.  We have examined the complaint with this criticism in mind.  The complaint alleges the appointment of the defendant as receiver; the taking into possession by him of the effects and assets of the insolvent banks; the management and control by him of such assets; that he dissipated, misapplied and lost portions thereof and wrongfully and unlawfully converted a part thereof to his own use; that the acts so done by him were done negligently and willfully; that they involve complicated accounts and transactions and matters peculiarly within his own knowledge; that they can not be more particularly stated and that, therefore, he be required to render an account of the same and be required to pay any amounts found due by the court on such accounting.  We think it sufficient to say without further discussion that the complaint states facts sufficient to constitute a cause of action.

The appeal from the order of the district court overruling the objection to that court's jurisdiction must, therefore, be dismissed, and the order of the district court overruling the demurrer to the supplemental complaint affirmed, neither party, however, to recover costs.  It is so ordered.

BRONSON, Ch. J., and JOHNSON, BIRDZELL, and CHRISTIANSON, JJ., concur.