PEOPLE'S STATE BANK OF NEW EFFINGTON, SOUTH DA-
KOTA, and S. M. Hendrickson, Respondents, v. FIRST STATE
BANK OF WALCOTT, NORTH DAKOTA, Appellant.

(214 N. W. 805.)

Jury — equitable defense in counterclaim — when jury trial may not be
demanded.

In an action for money had and received, or to recover a fund alleged to have been paid by a plaintiff to the defendant, where the defendant filed a counterclaim asking specific application of the fund upon indebtedness owing by one plaintiff to the defendant, it is *held*, for reasons stated in the opinion, that no error was committed in the trial of the case as a court case.

Opinion filed May 7, 1927. Rehearing denied July 9, 1927.

Equity, 21 C. J. § 117 p. 134 n. 5; § 124 p. 145 n. 87; p. 146 n. 88; § 187 p. 198 n. 85. Juries, 35 C. J. § 128 p. 215 n. 60.

Appeal from the District Court of Cass County, *Cole, J.*
Affirmed.
*Purcell & Heder* and *C. J. Kachelhoffer,* for appellant.

Where complainant prays for legal and equitable relief, but the former alone is warranted by the facts pleaded, it is error to deny defendant's demand for a jury trial. Gorthy v. Jarvis, 15 N. D. 509, 108 N. W. 39.

*Divet, Holt, Frame, & Thorp,* for respondent.

"When the facts alleged and upon which the legal right is founded, are admitted by the answer, and other facts are alleged in the answer by way of counterclaim which would constitute an equitable defense in chancery against the assertion of the legal right, then no issue arises in a 'case at law' because the 'case at law' stands admitted, and there is no issue at law." Kenny v. McKenzie, 25 S. D. 485, 127 N. W. 600.

BIRDZELL, Ch. J. This is an appeal from a judgment entered in the district court of Cass county. The cause was tried as a court case over the objection of the defendant and the sole question presented on this appeal is whether or not it should have been tried to the court and a jury. Inasmuch as the propriety of the ruling of the trial court depends upon the character of the issues presented for determination, it becomes necessary to analyze the pleadings and to state the proceedings upon the trial. The action was begun in the name of the People's State Bank of New Effington, South Dakota, and S. M. Hendrickson, as plaintiffs, the sole defendant being the First State Bank of Walcott, the appellant. Aside from formal allegations of corporate existence, the plaintiffs allege in their complaint that on or about the 31st day of July, 1919, the defendant received from the plaintiffs the sum of $1,500 to the use of the plaintiffs, and that the plaintiffs had demanded payment from the defendant.

For a second cause of action it was alleged that, prior to the 31st day of July, 1919, the plaintiff Hendrickson was the owner of certain real property in the village of Walcott which was subject to a mortgage of $1,500; that the mortgage had been foreclosed and a sheriff's certificate of sale issued to the defendant; that about the 31st of July, 1919, Hendrickson entered into an agreement with his coplaintiff, the People's State Bank of New Effington, wherein it was agreed that the latter was to advance to the defendant the sum of $1,500, to be applied upon the redemption of the Hendrickson property from the foreclosure sale, and that upon the redemption the New Effington bank would receive either a deed or a mortgage securing the $1,500, and that the defendant knew of this arrangement; that the sum of $1,500 was forwarded to the defendant for the purpose of redemption and pursuant to the arrangement, with instructions from the New Effington bank to apply it for the purpose of redemption, and that the defend-

ant neglected to so apply it, but took a sheriff's deed to the property, and converted, retained, and appropriated to its own use the $1,500; that this sum has been demanded of the defendant, but the defendant has failed and refused to pay the same or any part thereof, and has become indebted to the plaintiffs in this sum and interest, for which judgment is prayed against the defendant.

The answer, aside from admitting the formal allegations, is a general denial as to the first cause of action, and as to the second cause of action, the defendant pleads that the amount due on the sheriff's certificate of sale on July 31, 1918, was the sum of $1,524.26; that thereafter the defendant paid the sum of $56.32 for insurance on the premises, which sum constituted an additional lien.  By way of further answer and counterclaim, these same facts were realleged and it was charged that the sum of $1,524.26 and $56.32, with interest, was due the defendant from the plaintiff Hendrickson; also, that Hendrickson was in possession of the premises upon which the mortgage had been foreclosed and remained in possession up to and including the 31st day of May, 1923; that the reasonable rental value of the premises during that time was $25 per month; that Hendrickson, through such possession, had become indebted to the defendant in the further sum of $1,450, the reasonable rental value during the time he was so in possession.

For a further counterclaim, it is alleged that in January, 1925, a judgment had been obtained in favor of the defendant against Hendrickson in the sum of $2,740.31, and for the foreclosure of a mortgage therein mentioned; that upon the sale of the property adjudged to be sold there was credited upon the judgment $1,113.91 in May, 1925; that the defendant is the owner of the judgment, by virtue of which and of the facts alleged the sum of $1,535.54, with interest, remains owing from the plaintiff Hendrickson to the defendant.  A further counterclaim is predicated upon a judgment in favor of the defendant against the plaintiff Hendrickson in January, 1925, in the sum of $1,619.44, which likewise decreed the foreclosure of a mortgage upon certain property, upon the sale of which there had been credited on the judgment the sum of $452.07 in May, 1925.  It is alleged that the defendant is the owner of this judgment and that the plaintiff Hendrickson is still indebted to the defendant in the sum of $1,075.99,

with interest from May 12, 1925. The defendant prays judgment for costs against the plaintiff, the New Effington bank, that it be permitted to credit the $1,500 mentioned in plaintiffs' complaint upon the indebtedness of the plaintiff Hendrickson on account of the rental value of the property, and that the balance, if any, be applied on the judgments of the defendant against the plaintiff Hendrickson, and that the defendant have judgment for costs against Hendrickson.

At the beginning of the trial in the district court the attorney for the plaintiffs made a statement to the court purporting to contain an outline of the transactions which were involved in the action. In brief, this statement was that one Myhre, the cashier of the plaintiff bank, was a son-in-law of the plaintiff Hendrickson of Walcott; that Hendrickson owned a hall used for public gatherings in Walcott, upon which the defendant, the Walcott bank, held a mortgage for $1,500, which it had foreclosed; that Hendrickson and Myhre had made an arrangement whereby the New Effington bank was to advance $1,500 to the Walcott bank to clear up the title, and that the property was in turn to become security to the New Effington bank for the $1,500 so advanced. It is claimed that the money was not used as directed, but was applied or sought to be applied on Hendrickson's other indebtedness to the Walcott bank, and that the New Effington bank never obtained the security upon the property which was under foreclosure. It is explained that at the time the complaint was drawn, all the facts not being known to the plaintiffs' attorney, the action was begun in the names of both the New Effington Bank and Hendrickson; that though the action might properly have been considered as an action at law, the defendant, by interposing the counterclaims against Hendrickson alone and praying judgment against the New Effington Bank on account of the matters stated in the counterclaims against him, has asked for equitable relief; that the action should either be tried to the court as an equity case or that portions of the counterclaims should be stricken. It was stated that the defendant's attorneys were unwilling to stipulate for a trial to the court without a jury. Thereupon the trial court indicated the view that the whole case should be submitted; that it was unnecessary to strike any part of the counterclaims, should the case be tried as a court case, and the parties should proceed without a jury. The defendant made no attempt to amend

the answer but excepted to the ruling of the court requiring it to proceed with the trial before the court without a jury.

After further motions involving the propriety of the counterclaims, which motions were overruled, the evidence for the plaintiffs was taken and they rested. The defendant called Hendrickson for cross-examination under the statute. After a brief examination he disclaimed any share in the $1,500 for which the suit had been brought, whereupon the defendant moved that the action be dismissed as to the plaintiff Hendrickson, with costs to the defendant. To this motion there was no objection, but the plaintiffs' attorney moved to dismiss the counterclaims as against Hendrickson and both motions were granted; whereupon the defendant's attorneys demanded a jury trial, stating that there was no longer any ground for considering the case as calling for equitable relief. This motion was denied, and at the conclusion of the evidence findings of fact and conclusions of law were made in favor of the plaintiff.

We are of the opinion that there was no error in treating the case as triable to the court and as so trying it. It will be noticed that the defendant in its pleadings tacitly admitted the receipt of the money and it set up facts purporting to justify the retention of the money on account of the indebtedness of Hendrickson to it. In fact it asked for equitable relief. It asked to "be permitted to credit the $1,500 mentioned in plaintiffs' complaint upon the indebtedness of the plaintiff S. M. Hendrickson, to the defendant for the rental value of the property, . . . and that, if the amount of such rentals is less than the amount of the $1,500 mentioned in plaintiffs' complaint, that the balance, if any, be applied on the judgments of the defendant against the plaintiff S. M. Hendrickson, hereinbefore set forth." Obviously, there is no way that the court, taking cognizance of the case as an ordinary law action, could render the judgment prayed by the defendant upon a general verdict of a jury. The defendant asks that its indebtedness be charged with certain equities in its favor on account of its relations with Hendrickson. In other words, through the assertion of counterclaims upon which it does not demand a money judgment, the defendant attempts to set forth reasons why in equity it should not be chargeable with the repayment of the money it has received and it asks a decree of specific application—a decree affecting

the whole of the plaintiffs' cause of action. Having thus invited the plaintiffs to go before the chancellor for the purpose of litigating their claims, obviously, it cannot complain when the plaintiffs accept the invitation and bring forward their proof in the absence of the jury. After the close of the plaintiffs' case and when Hendrickson had disclaimed any right to the $1,500, it was too late for the defendant to withdraw its invitation. It had been accepted and acted upon; the proof was in. The plaintiffs cannot properly be required to submit the proof a second time and before a jury merely because the defendant has elected to relinquish its claim for equitable relief on account of the disclaimer of one of the plaintiffs. So far as the pleadings indicate, the right of the defendant to the relief it seeks is not necessarily dependent upon Hendrickson's claim to the money advanced by the New Effington Bank. It might still have been entitled to that relief notwithstanding his disclaimer. Therefore, its voluntary dismissal as to him and its submission to the dismissal of its counterclaims must be viewed as a voluntary change of position in the midst of the trial. It did not oust the chancellor of jurisdiction to proceed. When equity acquires jurisdiction it retains it. It does not do things by halves. The jurisdiction was not invoked here to determine a preliminary issue but one going to the plaintiffs' entire cause—the defendant, in its answer, having proceeded upon the supposition that it was obligated to the extent claimed, sought a decree of specific application of the whole fund. It is in no position to complain of the action of the court in assuming jurisdiction to determine the cause it submitted and in retaining that jurisdiction to administer justice after the defendant had abandoned its quest for a decree.

Judgment affirmed.

NUESSLE, CHRISTIANSON, BURKE, and BURR, JJ., concur.