(101 N. W. 888.)

---

## OLE TEIGEN v. ROBERT J. DRAKE.

Opinion filed December 3, 1904.

**Unless it Appears That a Defense Was Pleadable in a Former Action, Judgment Therein Is Not Res Judicata.**

1. A judgment establishing the validity of a mortgage rendered in an action to quiet title is not available as res adjudicata against a plea of the statute of limitations, interposed in a subsequent action between the same parties to foreclose the same mortgage, where it does not appear that the conditions were such that the statute of limitations could have been made available as a defense in the former action.

**Defendant Enjoining Foreclosure by Advertisement Is Not Estopped to Plead Statute of Limitations in Subsequent Foreclosure Suit.**

2. The mortgage which the plaintiff was seeking to foreclose by action contained a power of sale; but the defendant had procured an order under section 5845, Rev. Codes 1899, enjoining a foreclosure sale under the power. *Held,* that the defendant was not thereby estopped to plead the statute of limitations in bar of the action.

**Foreclosure.**

3. As to whether or not the right to foreclose by advertisement under a power of sale continues after an action to foreclose is barred by the statute of limitations is not decided.

Appeal from District Court, Nelson county; *Fisk,* J.

Action by Ole Teigen against Robert J. Drake. Judgment for defendant, and plaintiff appeals.

Affirmed.

*Scott Rex,* for appellant.

Chapter 120, Laws 1901, is wholly inoperative so far as the mortgage in suit is concerned, it having been passed Feb. 27, 1901, when more than ten years had already run since the right to foreclose accrued, said act having an emergency clause. Merchants National Bank v. Braithwaite, 7 N. D. 358, 75 N. W. 244; Osborne v. Lindstrom, 9 N. D. 1, 81 N. W. 72.

There being no statute limiting the time within which a mortgage containing a power of sale is to be foreclosed, the only limitation on the right to foreclose under the power is the bar of the statutory period of adverse possession, or the common law presumption of payment arising from the lapse of twenty years. Hayes v. Frey, 11 N. W. 695; Fievel v. Zuber, 3 S. W. 273, 67 Tex. 275; Grant v. Burr, 54 Cal. 298; Golcher v. Brisbin, 20 Minn. 453; Opie v. Castleman, 32 Fed. 511; Menzel v. Hinton, 44 S. E. 385; Cone v. Hyatt, 44 S. E. 678; Stevens v. Osgood, 100 N. W. 161.

Under section 5845, Rev. Codes 1899, respondent compelled the appellant to foreclose by action so that he could plead the statute of limitations as a defense. This statute is a weapon of defense and not of attack. Grant v. Burr, 54 Cal. 298; Phelan v. Fitzpatrick, 54 N. W. 614, 19 Am. & Eng. Enc. Law, 177, viii-2b; McKeen v. James, 23 S. W. 464; Johnson v. Wynne, 67 Pac. 549; Burditt v. Burditt, 64 Pac. 77; Corlett v. Mutual Ben. Life Ins. Co., 55 Pac. 844; DeWalsh v. Braman, 43 N. E. 597.

Respondent was the aggressor; having by the procedure under that statute forced appellant to abandon foreclosure by advertisement, and compelled him to foreclose by action, he cannot now use the statute of limitations against the appellant. Courts of equity have long exercised the power of restraining sale by advertisement in a proper action showing the facts necessary to entitle him to an injunction in equity. Jones on Mortgages (5th Ed.), sections 1801, 1804, 1805.

The sole purpose of section 5845 is to simplify the old procedure, doing away with the bill in equity and a bond for costs, etc. McCann v. Mortgage Co., 3 N. D. 172, 54 N. W. 1026.

Respondent, having invoked the power under such section, must do equity just as certainly and to the same extent as if he had brought the action to restrain foreclosure, in which case he would be required to pay the amount justly due on the mortgage, under the maxim, "He who seeks equity must do equity." 19 Am. & Eng. Enc. Law (2d Ed.) 178; Tuthill v. Morris, 81 N. Y. 94.

The procedure under section 5845 is an appeal to the equitable side of the court. An adverse claim procedure under the statute is wholly of statutory origin, and it is well settled that a suit to determine adverse claim is a suit in equity. 17 Enc. Pl. & Pr. 292; Moores v. Clackamus County, 67 Pac. 662; Mathews v. Lightner, 85 Minn. 333, 88 N. W. 992.

Whoever has compelled his adversary to come into court and litigate under the provisions regarding actions to determine adverse claims, cannot plead the statute of limitations against him. When the mortgagee began foreclosure by advertisement upon the outlawed mortgage and was enjoined by the mortgagor under section 5845, the defense of the statute of limitations is bad and judgment of foreclosure should be ordered and affirmed on appeal. Stevens v. Osgood, 100 N. W. 161.

Respondent brought suit to determine an adverse claim against the appellant for the purpose of removing the mortgage in suit as a cloud on his title; he declined to do equity by paying the mortgage and sought to set up the statute of limitations. In such action appellant could have asked for a foreclosure judgment. DeWalsh v. Braman, 160 Ill. 415, 43 N. E. 579; Pom. Eq. Jur., section 386. He preferred to take a decree establishing the ownership, lien and validity of his mortgage, thus setting at rest forever all disputed questions in relation to his right to foreclose. The

judgment in that action settles in appellant's favor every matter of defense raised herein or could be raised against the foreclosure of the mortgage in suit.

The finding by the court below that the plaintiff's cause of action was barred by the statute of limitations under subdivision 2, section 5200, Rev. Codes 1899, as amended by chapter 120 of the Laws of 1901, is a conclusion of law pure and simple, and has no place in the findings of fact and should be disregarded by this court. Satterlund v. Beal, 12 N. D. 122, 95 N. W. 518; Bell v. Yates, 33 Barb. 627; Richmond Natural Gas Co. v. Enterprise Nat. Gas Co., 66 N. E. 782.

*Frich & Kelly* and *Tracy R. Bangs,* for respondent.

Proceedings to restrain foreclosure by advertisement are entirely statutory; they cannot be assimilated to, or classed with, the remedy by injunction, as that remedy is administered in a civil action in an equity case. McCann v. Mortgage Bank & Ins. Co., 3 N. D. 172, 54 N. W. 1026.

It was not a proceeding in court. It is the judge who makes the order, not the court. Travelers Ins. Co. v. Weber, 2 N. D. 239, 50 N. W. 703.

A proceeding to foreclose a mortgage by advertisement is not an action, nor is the power of the court of law or equity invoked. Stevens v. Osgood, 100 N. W. 161. The same is true of the proceedings under section 5845, Rev. Codes 1899, to restrain the foreclosure sale, so that the mortgagor in procuring the restraining order was not proceeding in equity, and was not seeking equitable relief as a preliminary step; he was not bound to "do equity," whatever may be the nature of the "valid defense," which he claims to have. Neither the proceedings to foreclose by advertisement nor those to procure the restraining order were any part of the present case. By the service of the restraining order those proceedings came to an end and the plaintiff was at liberty to commence his suit in equity or not, as he might elect. Plaintiff elected to proceed with the foreclosure by action, in which the mortgagor was not made a party, and therefore had no interest in coming in and setting up the defense he might have, but it was left to the defendant, Drake, to look after his own interests, without any aid from the mortgagor. Drake answered to the complaint and pleaded the statute of limitations as a defense. This defense

can no longer be regarded with disfavor by the courts, and that as a defense it stands on a par with other legal and meritorious defenses. Wheeler v. Castor, 92 N. W. 381, 11 N. D. 347.

Appellant claims that the decision of the lower court in the former case of Drake against Teigen et al., which was an action to determine adverse claims, to the effect that the mortgage now in suit was "a good, valid and subsisting lien on the real estate described in the mortgage," is conclusive upon the defendant, Drake, in this case. In this state the statute of limitations is a statute of repose, and in no way acts upon the merits of the cause, but affects the remedy only. Lapse of time gives no presumption of payment or discharge or extinguishment of a lien. 19 Am. & Eng. Enc. Law 178; Hulbert v. Clark, 28 N. E. 638; Spect v. Spect, 26 Pac. 203; Grant v. Burr, 54 Cal. 298; Kelly v. Leachman, 33 Pac. 44.

The running of the statute raises no presumption of payment and does not discharge a debt, neither will it give rise to the presumption that the lien of a mortgage has been discharged, nor will it extinguish the lien of a mortgage. The defense of the statute of limitations must be pleaded or it is waived, and a decree may be rendered that is as valid and effectual as if the action were brought the day after the cause of action accrued. So the mere finding and judgment in the action to determine adverse claims, that on July 30th, the mortgage was a valid and subsisting lien, does not conclude defendant from pleading the statute of limitations for the foreclosure of the mortgage. The question of the running of the statute was not litigated in the action to determine adverse claims nor could it have been because that question was entirely immaterial, the plaintiff having no right to quiet his title as against the holder of a mortgage without payment of the mortgage debt. Boyce v. Fisk, 42 Pac. 473; Spect v. Spect, 26 Pac. 203; Booth v. Hoskins, 17 Pac. 225; Hall v. Hooper, 66 N. W. 33.

The statute of limitations affects the remedy only, and a mortgagor may have a good, valid and subsisting lien by a mortgage, and still be unable to enforce it.

ENGERUD, J. This is an action to foreclose a mortgage on real property. The statute of limitations was the only defense, and that plea was sustained by the trial court. The plaintiff has appealed from the judgment. No statement of the case was

settled, but the appellant assigns error on the judgment roll. It is conceded that the statute had run against the right to maintain this action; but appellant contends that the defendant is estopped to plead that defense.

On the 30th day of July, 1903, in an action to quiet title and determine adverse claims to the land in question, commenced by the respondent, Drake, against this appellant and others, a judgment was entered adjudging that the mortgage now in question was a valid and subsisting lien on said land, and that said Drake was the owner of the land under a quitclaim deed from one Hagen, the original mortgagor. Thereafter proceedings were commenced to foreclose the mortgage by advertisement under the power of sale. A sale under those proceedings was prevented by an injunctional order issued under' section 5845, Rev. Codes 1899. This order was applied for and obtained at the instigation of this defendant by the original mortgagor, Hagen. The record, however, does not disclose what defense was set forth in the affidavit to procure that order.' In obedience to the injunctional order the plaintiff abandoned the foreclosure under the power of sale, and commenced this action. The appellant contends that the statute of limitations does not bar the right to foreclose under a power of sale; that the defendant, having procured an injunction against that remedy, has compelled the plaintiff to resort to an action as his only remaining remedy. He argues that to permit the statute of limitations to be pleaded under such . circumstances will, in effect, make the statute a bar to foreclosure under the power of sale, because the mortgagor may present groundless defenses in his affidavit for the ex parte injunction under section 5845, and, by pleading the statute of limitations against the action, prevent any hearing or determination of these other alleged defenses. If that situation has been brought about by section 5845, it is the result of legislation, which the court has no power to disturb, so long as it violates no provision of the constitution. The right to plead the statute of limitations has been granted by the legislature. Under what ' circumstances the right to that defense shall be permitted or denied is exclusively a legislative question. The statute nowhere forbids resort to that plea under the circumstances of this case. The court cannot refuse to give effect to the plea on the ground of estoppel, because to do so would be equivalent to amending the statute and ingrafting upon it an exception.

The judgment in the action to quiet title is not available as res adjudicata of the issue raised by the answer in the case at bar. Even if we assume, as a matter of law, that the issues in the two actions were identical, and that the statute of limitations· could be properly pleaded in the former action, yet the record before us does not disclose facts sufficient to constitute an estoppel by judgment. The .former judgment was entered in July, 1903. This action was commenced after September 12, 1903. For aught we know, the time limited by the statute may not have expired until after the entry of that judgment. The record before us furnishes no information upon that point. The defense relied upon in this case is one that comes into being by lapse of time. Absence from the state or certain disabilities toll the running of the statute. A former judgment, therefore, is not conclusive against these defendants unless it is made to appear that all the conditions essential to this defense were the same in the former action as they are in the subsequent one.

As to whether or not the right to foreclose under the power of sale is barred after the expiration of the time limited for commencing an action to foreclose, we express no opinion, because that question does not arise on this record.

There is nothing in this record disclosing any impropriety in the issuance of the injunctional order; but, even if there were, that fact would not justify the denial by the court of the defendant's right to avail himself of the statutory defense to this action. If for any reason the injunctional order was improperly issued, it should have been attacked directly by an appropriate proceeding.

The judgment is affirmed. All concur.