[File No. 6111.]

MRS. MINNIE McKIVERGIN, Respondent, v. ERNEST W. ATWOOD, as Administrator of the Estate of Wm. E. Atwood, Deceased, Appellant.

(246 N. W. 41.)

Opinion filed December 23, 1932.

*Lemke & Weaver,* for appellant.
*William Langer,* for respondent.

BURR, J.   The defendant appeared in the district court "specially in this action, for the purpose only of objecting to the jurisdiction of above court over the person of the defendant, because of the want of process." The motion was based upon affidavits and the court, after reviewing these and reviewing testimony, denied the motion with leave to the defendant to answer.

This appeal is from the order of the court denying the "motion for a dismissal of the above action on the special appearance for want of process and from the whole thereof."

Respondent moves to dismiss the appeal on the ground that the order complained of by the defendant and sought to be reviewed on this appeal is not an appealable order.

The motion dismissing the appeal must be sustained. "An order of the district court overruling an objection to the jurisdiction of the court and setting aside a special appearance is not appealable." Bennett v. Bennett, 54 N. D. 86, 208 N. W. 846; Baird v. Lefor, 52 N. D. 155, 160, 201 N. W. 997, 38 A.L.R. 807.

Section 7841 of the Compiled Laws enumerates the orders of the

trial court which may be carried to this court upon appeal, specifying five different classes. The order appealed from does not involve the merits of the action nor does it "in effect determine the action and prevent a judgment from which an appeal might be taken." These are the only classes enumerated in § 7841 which, in any way, can be said to be applicable to the appeal. The others refer to orders made after trial; to orders affecting provisional remedies, new trials or demurrer; to orders made without notice. As this order does not fall within any of the classes specified the motion to dismiss the appeal is granted.

CHRISTIANSON, Ch. J., and NUESSLE, BIRDZELL and BURKE, JJ., concur.