[File No. 6835]

GUSTAVE A. SCHUTT and Martha Schutt, Appellants, v. THE FEDERAL LAND BANK OF SAINT PAUL, a Corporation, Respondent.

(3 NW (2d) 417)

Opinion filed April 14, 1942

*S. E. Ellsworth,* for appellants.
*A. W. Aylmer,* for respondent.

PER CURIAM. A controversy arose in the trial court as to whether this action was one triable by a jury under §§ 7608 and 7609, Comp. Laws 1913, or whether the action was an equitable one and properly triable by the court without a jury. Gresens v. Martin, 27 ND 231, 145 NW 823; Avery Mfg. Co. v. Crumb, 14 ND 57, 103 NW 410. Plaintiff's counsel contended that the action was one triable to a jury and that it must be tried to a jury. Defendant's counsel on the other hand contended that the case was one properly triable to the court without a jury. The district court ruled that it was an equitable action and properly triable to the court without a jury, and the plaintiffs have appealed.

Defendant moves to dismiss the appeal on the ground that the order of the district court is nonappealable. The motion must be granted. "Appeals from interlocutory orders are entirely the creation of statute and will lie only in the cases authorized by the statute." Stimson v. Stimson, 30 ND 78, 152 NW 132. Our statute, Comp. Laws 1913, § 7841, provides that an appeal may be taken to this court from the following orders only:

"1. An order affecting a substantial right made in any action, when such order in effect determines the action and prevents a judgment from which an appeal might be taken.

"2. A final order affecting a substantial right made in special proceedings or upon a summary application in an action after judgment.

"3. When an order grants, refuses, continues or modifies a provisional remedy, or grants, refuses, modifies or dissolves an injunction or refuses to modify or dissolve an injunction, whether such injunction was issued in an action or special proceeding or pursuant to the provisions of § 8074 of this Code; when it sets aside or dismisses a writ of attachment for irregularity; when it grants or refuses a new trial or when it sustains or overrules a demurrer.

"4. When it involves the merits of an action or some part thereof; when it orders judgment on application therefor on account of the frivolousness of a demurrer, answer or reply on account of the frivolousness thereof.

"5. Orders made by the district court or judge thereof without notice are not appealable; but orders made by the district court after a

hearing is had upon notice which vacate or refuse to set aside orders previously made without notice may be appealed to the supreme court when by the provisions of this chapter an appeal might have been taken from such order so made without notice, had the same been made upon notice."

The order sought to be appealed from does not fall within any of the provisions of § 7841, supra, unless it be subdivision 4 thereof, which allows an appeal from an order "when it involves the merits of an action or some part thereof." It is not always easy to determine whether a given order "involves the merits of the action or some part thereof" within the provisions of a statutory provision, making such orders appealable. Burdick v. Mann, 59 ND 611, 615, 231 NW 545, 547. An examination of the decisions in the various jurisdictions discloses considerable contrariety of opinion. In some jurisdictions a certain order has been held "to involve the merits" of the action or some part thereof and hence to be appealable, while in other jurisdictions a similar order has been held not "to involve the merits" of the action or any part thereof, and hence to be nonappealable. In many cases the questions of appealability had not been raised and the appeals were decided on their merits, leaving, as it were, the question of appealability of the order undetermined. Johnson v. Great Northern R. Co. 12 ND 420, 422, 97 NW 546; Seeling v. Deposit Bank & T. Co. 176 Minn 11, 222 NW 295.

It is clear that the term "involves the merits of an action or some part thereof" is not synonymous with "affecting a substantial right" in an action, because subdivision 1 of the section provides that "an order affecting a substantial right made in any action" shall be appealable only "when such order in effect determines the action and prevents a judgment from which an appeal might be taken."

The ruling or order in question here related to the mode of the trial; and "it left the rights of the parties upon the merits of the controversy entirely unadjudicated." Ostlund v. Ecklund, 42 ND 83, 171 NW 857. In Gulbro v. Roberts, 43 ND 455, 171 NW 616, this court held that an order "denying a jury trial of the issues set forth in the complaint" until after "the issues of the counterclaim have been tried to the court" was not appealable under the provisions of § 7841, supra.

In Detwiler v. Lowden, 198 Minn 185, 269 NW 838, 107 ALR 1054, it was held that an order denying a motion to transfer the cause to the equity side of the court to determine issues raised by a cross bill was not an "order involving merits of action" and hence was not appealable under a statute making such orders appealable. The decisions of this court show that the question as to whether a cause was or was not triable by jury has arisen and been presented for determination many times. But, with the single exception of Gulbro v. Roberts, supra, it has never been sought to appeal from an order or ruling denying a trial to a jury. The question has always been raised on appeal from the judgment. See Gorthy v. Jarvis, 15 ND 509, 108 NW 39; Avery Mfg. Co. v. Crumb, 14 ND 57, 103 NW 410; Smith v. Kunert, 17 ND 120, 115 NW 76; Lehman v. Coulter, 40 ND 177, 168 NW 724; Power v. Williams, 53 ND 54, 205 NW 9; People's State Bank v. First State Bank, 55 ND 505, 214 NW 805. All orders or rulings affecting the mode of trial are, of course, reviewable upon an appeal from the judgment, when made a part of the record on appeal. Ellingson v. Northwestern Jobbers Credit Bureau, 58 ND 754, 760, 227 NW 360.

Appeal dismissed.

BURR, Ch. J., and CHRISTIANSON, MORRIS, BURKE, and NUESSLE, JJ., concur.