[File No. 6914]

W. E. LA PLANTE, Respondent, v. IMPLEMENT DEALERS MUTUAL FIRE INSURANCE COMPANY, a Corporation; Interstate Commercial Mutual Insurance Company, a Corporation; and A. W. Nygaard and J. W. Falkanger, doing business at Grand Forks, North Dakota, as Implement Dealers Mutual Agency, Appellants.

(12 NW(2d) 630)

Opinion filed January 14, 1944

*Day, Lundberg & Stokes,* for appellants.
*Lyche & Lyche* and *Bangs, Hamilton & Bangs,* for respondent.

MORRIS, Ch. J.  In this action the plaintiff seeks to recover on a contract of employment under which it is contended that the plaintiff was to. receive a stipulated salary and a commission on certain gross insurance premiums.  The salary has been paid.  The defendants deny that the contract of employment provided for commissions.

A pre-trial conference was held under the provisions of chapter 216, ND Sess. Laws 1943 at which both parties were represented by counsel. The pre-trial court at the completion of the conference entered an order requiring the defendant to either admit that the amount of gross premiums stated in the complaint is correct, or if not correct, file a sworn statement giving the correct amount.  He also denied a motion by the defendants that the plaintiff be required to amend his complaint and allege that the contract in question, by its terms, is not to be performed within a year from the making thereof.  The order also contains other directions which have not been questioned.

The defendants appealed from the order and challenge the determination of the trial court in directing the disclosure of gross premiums and also in denying the defendants' motion.  The plaintiff moved

in this court for a dismissal of the appeal on the ground that the order attempted to be appealed from is not an appealable order. We granted the motion and dismissed the appeal.

The pre-trial conference was interpolated in our civil practice by chapter 216, ND Sess. Laws 1943 which authorizes a judge of the district court or county court of increased jurisdiction to direct attorneys for the parties to appear before him in advance of trial to consider certain pre-trial matters including:

"§ 1(a) The simplification of the issues;

(b) The necessity or desirability of amendments to the pleadings;

(c) The possibility of obtaining admissions of fact and of documents which will avoid unnecessary foundation proof and the expense and trouble of securing the same;"

"§ 2. Following the conference and preceding the trial of the case therein involved, the judge presiding shall make his order, reciting the action taken at the conference as to any of the matters mentioned in subdivisions (a) to (f) inclusive in the preceding section and such order shall control the subsequent course of the action *unless the ends of justice require its modification.*"

Section 4 of the act vests in the pre-trial conference judge authority:

"(a) To hear and decide any objections or motions regarding the pleadings;

(b) Upon motion of either party, to render judgment on the stipulation of the parties, or on the pleadings if the complaint does not state a cause of action or if the defense is sham or not sustainable;

(c) Upon failure of the counsel for the plaintiff to appear, to grant a dismissal or non-suit on motion of counsel for the defendant;

(d) Upon failure of the counsel for the defendant to appear, to proceed with the conference within the limitations specified in section one of this act."

Section 7841, N. D. Comp. Laws 1913, sets forth what orders are appealable. Appeals can only be taken from such intermediate orders as are enumerated in the statute. Stimson v. Stimson, 30 ND 78, 152 NW 132; Ostlund v. Ecklund, 42 ND 83, 171 NW 857. The appellants contend that the following subdivisions of the statute sustain his right of appeal herein.

"1. An order affecting a substantial right made in any action, when such order in effect determines the action and prevents a judgment from which an appeal might be taken.

"2. A final order affecting a substantial right made in special proceedings or upon a summary application in an action after judgment.

"4. When it involves the merits of an action or some part thereof; when it orders judgment on application therefor on account of the frivolousness of a demurrer, answer or reply on account of the frivolousness thereof."

It is argued that the order is one affecting the substantial rights of the defendants; that a pre-trial is sufficiently in the nature of a special proceeding to come within the statutory provisions permitting appeals in such matters and that the order involves the merits of the action.

Section 7329, ND Comp. Laws 1913 divides remedies in courts of justice into two classes: 1. Actions, 2. Special proceedings.

A pre-trial conference is not a special proceeding. It can scarcely be termed a remedy. It is incidental to a remedy; an episode in an ordinary proceeding. West Branch Pants Co. v. Gordon, 51 ND 742, 200 NW 908. It takes place within an action as the result of a statutory digression from established practice, provided by the legislature for the purpose of clearing away legalistic debris prior to the trial. An effective pre-trial conference should result in narrowing issues, settling pleadings, limiting the number of witnesses, and in general, shorten the actual period of trial. It is hoped that in many cases settlements will be promoted and no trial at all will be necessary.

Although certain powers of compulsion are vested in the pre-trial court, who has authority to order a conference at his discretion and require the attendance of the parties either in person or by counsel, desirable results can usually be best obtained by promoting co-operation between counsel and the court. In Fanciullo v. B. G. & S. Theatre Corp. 297 Mass 44, 8 NE(2d) 174, the appellate court in discussing the power of the pre-trial court with respect to nonsuits and defaults adopted the following language:

"The Court expects, however, that this power will be sparingly used, because the great benefits that have been enjoyed in other places where the pre-trial call has been in operation and which may reasonably be

expected here, depend upon the fullest co-operation between the bench and bar, and with that co-operation the power to non-suit and default will be practically unnecessary." (The quotation is taken by the Supreme Court from an order of a judge of the Superior Court of Suffolk County.)

The order was made under the provisions of §§ 1 and 2 of the act in question. The nonappealability of this order becomes obvious upon the study of § 2 which says that "such order shall control the subsequent course of the action unless the ends of justice require its modification." We interpret this language to mean that the order made by the pre-trial judge is not final in the sense of binding the trial judge to abide by or enforce it notwithstanding the ends of justice may require its modification. In Meeks v. Carter, 5 Ga App 421, 63 SE 517, it is said: "By justice we mean that end which ought to be reached in a case by the regular administration of the principles of law involved as applied to the facts."

This statement is quoted with approval in Sioux Falls v. Marshall, 48 SD 378, 204 NW 999, 45 ALR 447.

A pre-trial order does not destroy the power of the trial judge to control the trial in the interest of justice and when such interest requires it, he may define the issues and discharge or modify stipulations. Gurman v. Stowe-Woodward, Inc. 302 Mass 442, 19 NE(2d) 717; Mitchell v. Walton Lunch Co. 305 Mass 76, 25 NE(2d) 151. Neither does the pre-trial statute deprive the trial court of the exercise of judicial discretion in permitting amendments or corrections of mistakes in pleadings under general statutory provisions. (See §§ 7478–7486, ND Comp. Laws 1913) Konstantine v. Dearborn, 280 Mich 310, 273 NW 580.

The decision of an appellate court becomes the law of the case as to all matters properly within the scope of the appeal and as to these matters it controls all subsequent trials or proceedings. 5 CJS, § 1964, p. 1499; 3 Am Jur, "Appeal and Error," p 730, § 1234; and p 733, § 1237. Should pre-trial orders made following the conference and preceding the trial be appealable an anomalous situation would be created in view of the power vested in the trial court to modify the order. If the general rule were applied and the appeal resulted in an order that

was final and controlling as to the subsequent trial, it would impart to the order attributes of finality contrary to the statute and not contemplated by the legislature. If the rule would not apply, the appellate decision would be subject to modification at the will of the trial court and appeals would merely result in a further delay in the administration of justice, contrary to the purpose of the pre-trial statute.

It should also be noted that the statute prescribes no penalties for defaults in compliance with the orders made under §§ 1 and 2 of the act. This is a further indication of an intention to permit the trial judge rather than the pre-trial judge to ultimately determine the course of justice through the power to modify the pre-trial order or to require compliance as the exigencies of the trial may disclose.

It is strenuously argued that the order in question would impose an unreasonable burden upon the defendants by requiring them to furnish at great labor, inconvenience and expense, the amount which the order would have them set forth under oath. The difficulty of complying with the order is not an argument in favor of its appealability. It may in proper time be addressed to the trial court in support of an application for a modification or excusing a failure to comply.

The only case we have found dealing with the appealability of a pre-trial order is Klitzke v. Herm, 242 Wis 456, 8 NW(2d) 400. That case involved the ownership of personal property alleged to have been converted by the defendants. The pre-trial court on the basis of matters disclosed at the conference, but without agreement of counsel, ordered that certain items of personal property should not be considered at the trial although title to these items was put in issue by the pleadings. The plaintiff attempted to appeal from the order. The appellate court on its own motion determined that it was without jurisdiction because the order was not appealable. The Wisconsin statute defining appealable orders is similar to ours with the exception that it does not include orders that involve the merits of the action or some part thereof. In the course of its opinion the Supreme Court of Wisconsin makes valuable commentary on the procedure to be followed on pre-trial conferences.

We can reach no other conclusion than that orders made by a pre-trial judge following the conference and preceding the trial of the case

under the provisions of paragraphs 1 and 2 of chapter 216, ND Sess. Laws 1943 are not appealable. The attempted appeal in this instance is from such an order. Appeal dismissed.

CHRISTIANSON, BURR, NUESSLE and BURKE, JJ., concur.