**Ray S. RUDE, Plaintiff and Respondent,**

v.

**John LETNES, Defendant and Appellant.**

**Civ. No. 8457.**

Supreme Court of North Dakota.

Nov. 24, 1967.

Nilles, Oehlert, Hansen, Selbo & Magill, Fargo, for plaintiff and respondent.

Letnes, Murray & Marshall, Grand Forks, for defendant and appellant.

TEIGEN, Chief Justice.

The plaintiff has moved in this court for a dismissal of the defendant's appeal from an order denying a motion for summary judgment. Following argument on the motion, we entered a minute order with opinion to follow whereby we granted plaintiff's motion to dismiss and ordered a dismissal of the appeal.

The plaintiff, as movant, contends that an order denying a motion for summary judgment is interlocutory in nature, leaves the case pending for trial, and is not an appealable order under Section 28–27–02, N.D. C.C.

Rule 56 of the North Dakota Rules of Civil Procedure permits any party seeking to recover upon a claim, counterclaim, or cross-claim, or to obtain a declaratory judgment, to move for a summary judgment as to which there is no genuine issue of material fact and upon which the moving party is entitled to prevail as a matter of law. The rule is a device to make possible the prompt disposition of controversies on their merits without a trial, if there is no real dispute as to the salient facts or if only a question of law is involved. It is intended to improve the machinery of justice, to promote the expeditious disposition of cases and to avoid unnecessary trials where no genuine issues of fact are raised.

An order denying a motion for summary judgment is merely interlocutory and, leaving the case pending for trial, it decides nothing, except that the parties may proceed with the case. Appeals from interlocutory orders are entirely creations of statute and lie only in cases authorized by statute. Nord v. Koppang, N.D., 131 N.W.2d 617; In re Fettig's Estate, N.D., 129 N.W.2d 823; In re Glavkee's Estate, 75 N.D. 118, 25 N.W.2d 925; LaPlante v. Implement Dealers Mut. Fire Ins. Co., 73 N.D. 159, 12 N.W.2d 630; Schutt v. Federal Land Bank of Saint Paul, 71 N.D.

640, 3 N.W.2d 417; Stimson v. Stimson, 30 N.D. 78, 152 N.W. 132.

By provisions of Section 28–27–02, N.D. C.C., the following orders are made appealable:

The following orders when made by the court may be carried to the supreme court:

1. An order affecting a substantial right made in any action, when such order in effect determines the action and prevents a judgment from which an appeal might be taken;

2. A final order affecting a substantial right made in special proceedings or upon a summary application in an action after judgment;

3. An order which grants, refuses, continues, or modifies a provisional remedy, or grants, refuses, modifies, or dissolves an injunction or refuses to modify or dissolve an injunction, whether such injunction was issued in an action or special proceeding or pursuant to the provisions of section 35–22–04, or which sets aside or dismisses a writ of attachment for irregularity;

4. An order which grants or refuses a new trial or which sustains a demurrer;

5. An order which involves the merits of an action or some part thereof;

6. An order for judgment on application therefor on account of the frivolousness of a demurrer, answer, or reply; or

7. An order made by the district court or judge thereof without notice is not appealable, but an order made by the district court after a hearing is had upon notice which vacates or refuses to set aside an order previously made without notice may be appealed to the supreme court when by the provisions of this chapter an appeal might have been taken from such order so

made without notice, had the same been made upon notice.

The order appealed from has not fallen within any of the provisions of this section.

 The order from which the appeal is attempted in this case is not appealable and the appeal is, therefore, dismissed.

ERICKSTAD, PAULSON, KNUDSON, and STRUTZ, JJ., concur.