Leo GRENZ, Plaintiff-Appellee,

v.

John O'ROURKE, Defendant-Appellant.

No. 9147.

Supreme Court of North Dakota.

Nov. 21, 1975.

F. C. Rohrich, Linton, for defendant-appellant.

Bair, Brown & Kautzmann, Mandan, for plaintiff-appellee, argued by Dwight C. H. Kautzmann, Mandan.

SAND, Judge.

This is an appeal from the order of the Emmons County District Court denying defendant's motion to dismiss the action for lack of jurisdiction.

The action arose out of an incident wherein the plaintiff-appellee, Leo Grenz, was struck by the defendant-appellant, John O'Rourke, in a bar in Linton, North Dakota. O'Rourke at all times pertinent herein was a resident of the State of Washington. Grenz brought suit against O'Rourke for damages allegedly resulting from the acts of O'Rourke. Personal service was made upon O'Rourke at his home in Washington by sheriff's service, as permitted under Rule 4(d)(3), North Dakota Rules of Civil Procedure. O'Rourke, after having been served, made a motion to the district court for an order dismissing the action on the ground that proper procedure was not followed in making service upon him and, because of this, the court lacked jurisdiction over him.

The trial court, on June 24, 1975, issued its order denying the motion to dismiss on the ground that service as made was proper and sufficient to give the court jurisdiction over O'Rourke.

Trial on the merits took place on July 17, 1975, resulting in a verdict awarding damages to Grenz.

O'Rourke appealed only from the order of June 24, 1975, denying the motion to dismiss, but not from the final judgment on the merits of the case.

O'Rourke does not dispute that jurisdiction over him could have been acquired, but maintains that only if certain procedures, which he claims are mandatory, had been followed (which were not), could the court have acquired jurisdiction over him under the long-arm provision of Rule 4(b)(2)(C) and (D); and Rule 4(b)(4), N.D.R.Civ.P., which states:

"(2) Personal jurisdiction based upon contacts.—A court of this state may exercise personal jurisdiction over a person who acts directly or by an agent as to any claim for relief arising from the person's

.    .    .    .    .

"(C) committing a tort within or without this state causing injury to another person or property within this state;

"(D) committing a tort within this state causing injury to another person or property within or without this state;

.    .    .    .    .

"(4) Acquisition of jurisdiction. A court of this state may acquire personal

jurisdiction over any person through service of process as provided in this rule or by statute, or by voluntary appearance in an action by any person either personally or through an attorney or any other authorized person."

O'Rourke then points to Rule 4(e)(1)(A), N.D.R.Civ.P., and contends that the complaint and affidavit of publication as provided for therein must first be made and filed before there can be proper service on an out-of-state defendant. Neither was done in this case.

He also calls attention to Rule 4(d)(3), N.D.R.Civ.P., which provides as follows:

"(3) How service made outside the state. If service upon any person subject to the personal jurisdiction of the courts of this state cannot, with due diligence, be made personally within this state, personal service of process may be made outside the state:

"(A) in the manner provided for service within this state, with the same force and effect as though service had been made within this state;

"(B) in the manner prescribed by the law of the place in which the service is made for service in that place in an action in any of its courts of general jurisdiction;"

■ He then also argues that under this Rule the "due diligence" condition must first be satisfied and, because there was no showing of compliance or fulfillment of this requirement and for the further reason that no search was made for defendant in this state, the service made by the sheriff in Washington was faulty.

We have made a reasonable effort and search to determine the basis for the language, "with due diligence," in the Rule. Such language is not found in similar statutes of other states. The Uniform Interstate and International Procedure Act, from which the long-arm provision of Rule 4(b)(2) was adopted, contains no similar provision, nor does it contain a requirement that a search be made in the state before out-of-state service will be allowed. [See commentary to Rule 4(b), Civil Rules Manual of the State Bar Association of North Dakota (1941); see also *Hebron Brick Co. v. Robinson Brick & Tile Co.,* 234 N.W.2d 250 (N.D.1975), as to the sources for the North Dakota rule.]

Section 2.01 of the Uniform Act, found in 13 U.L.A. Civil Procedure and Remedial Laws 294 (1975), states: "When the law of this state authorizes service outside this state, the service, when reasonably calculated to give actual notice, may be made." It then lists the five ways in which the service can be made, which are identical to those in Rule 4(d)(3), N.D.R.Civ.P. The Commissioners' Comments under Section 2.01 make no mention of any necessity to search the state for the defendant. The only requirement is that the service be reasonably calculated to give actual notice. The Illinois and Michigan statutes, on which Section 1.03 of the Uniform Act was based, contain no reference or language comparable to the "due diligence" requirements for personal service outside the state. Chapter 110, § 16, Illinois Revised Statutes (1967); Michigan Compiled Laws Annotated, §§ 600.1901 through 600.1974.

■ The "due diligence" requirement does not add anything to the basic requirements and serves no useful or legal purpose whatsoever. We must, therefore, conclude that the "due diligence" language is superfluous. We can only speculate that it may have been intended in some manner to refer to service by publication.

Rule 4(d)(3), N.D.R.Civ.P., was amended on September 2, 1975, to be effective January 1, 1976, and now reads as follows: "Service upon any person subject to the personal jurisdiction of the courts of this state may be made outside the state." This language conforms with the rules and stat-

utes of other states and clearly recognizes that the "due diligence" language which was omitted did not in any manner serve any useful or legal purpose.

O'Rourke does not challenge the personal service made upon him as not being in accordance with the laws of the State of Washington and there is no reason for us to discuss it.

O'Rourke's contention on the "due diligence" aspect is not well founded.

■ Also, O'Rourke's contention that a complaint and affidavit must first be made and filed before service on an out-of-state defendant can be made is likewise not well founded. Conceivably, the "due diligence" requirement discussed earlier may have been intended to apply, and in effect does apply, to service by publication but was inadvertently placed in the wrong subdivision of Rule 4.

■ Service by publication is a means of service which may be and probably is less effective than personal service in bringing actual notice of legal proceedings to a defendant. Therefore higher standards are required before service by publication is allowed, and as a result it would be reasonable that a search for a defendant in the state would be required before service upon him outside of the state, by publication, could be made. Similarly, the filing of a complaint and affidavit, or authority to proceed with service by publication, is a justifiable prerequisite before service by publication could be used or relied upon to obtain jurisdiction of an out-of-state defendant. The prerequisites before service by publication may be resorted to are all for safeguarding and assuring due process to the defendant. However, such prerequisites have no application where personal service was made upon the defendant as permitted by Rule 4(b)(2)(C) and (D) and Rule 4(d)(3). Service was made on the defendant personally and the action related to a tort allegedly committed by the defendant while in the state. Therefore, the court, under Rule 4, had jurisdiction of both the person and the subject matter.

The question of whether or not an appeal could be taken from the order was not raised by the parties, nor was it argued or briefed. However, the court found it necessary to inquire on oral argument whether or not the order was appealable.

The right of appeal is purely statutory. Section 28–27–01, NDCC.

■ Section 28–27–02, NDCC, begins with the headnote and the following language: "What orders reviewable.—The following orders when made by the court may be carried to the supreme court." Specifically what is meant by the term "may be carried" may have been somewhat uncertain, but by the construction placed on this section by this court in the past, this language means that the following enumerated orders may be appealed to the supreme court.

An order denying a motion to dismiss is not one of the grounds stated in Section 28–27–02. This court has had under consideration a similar question, at which time subsections (1) and (5) of Section 28–27–02 were urged as bases for appealing an order denying a motion to dismiss. This court, in *McKivergin v. Atwood,* 63 N.D. 73, 246 N.W. 41 (1932); *Burdick v. Mann,* 59 N.D. 611, 231 N.W. 545 (1930); and *Ellingson v. Northwestern Jobbers' Credit Bureau,* 58 N.D. 754, 227 N.W. 360 (1929), rejected the argument that either subsection (1) or subsection (5) authorized an appeal from an order denying a motion for dismissal. It was, however, pointed out that under what is now Section 28–27–28, NDCC, an order denying a motion for dismissal would be reviewable if it became part of the record on appeal, but such does not make it appealable independently and separately.

■ If an appeal had been taken from the judgment on the merits of the case this order would have been reviewable.

If the order were a dismissal of the action a different conclusion or result would be reached, pursuant to the decision in *Newman v. Hjelle,* 133 N.W.2d 549 (N.D.1965). It would also involve Rule 41(b), N.D.R. Civ.P.

■ While it may not be essential or necessary to the disposition of this appeal because of our earlier conclusion that the personal service was adequate and that the court had jurisdiction, nevertheless, to avoid leaving an erroneous impression that the order in question is appealable, we hereby conclude that it is not.

The appeal is dismissed.

ERICKSTAD, C. J., and PAULSON, VOGEL and PEDERSON, JJ., concur.