Dollie BLUE ARM, Eugene Blue Arm, and Brionne Blue Arm, Plaintiffs and Appellees,

v.

Lenus VOLK and Katie Jangula, Defendants and Appellants.

Civ. No. 9316.

Supreme Court of North Dakota.

May 26, 1977.

Ralph R. LePera, James A. Krogsrud, Thomas M. Disselhorst, Bismarck, for plaintiffs and appellees; argued by James A. Krogsrud.

E. J. Rose, Bismarck, for defendants and appellants.

ERICKSTAD, Chief Justice.

By summons and complaint dated the 15th of October, 1976, the plaintiffs brought an action against the defendants Lenus Volk and Katie Jangula under the Civil Rights Act of 1866, 42 U.S.C. § 1982, and the Civil Rights Act of 1968, 42 U.S.C. § 3604. The complaint in essence asserts that Dollie Blue Arm and her son Eugene Blue Arm were denied rental of a unit in a building owned by the defendant Lenus Volk and managed by the defendant Katie Jangula because the plaintiffs were Indians, while the plaintiff Brionne Blue Arm was undergoing a brain surgery at the St. Alexius Hospital in Bismarck. The complaint consists of three counts and in each count actual damages, exemplary damages, reasonable attorney's fees, and costs are sought.

Personal service was made upon the defendants on October 15, 1976, by delivery of a copy of the summons and complaint upon each of them. Service was made by James Krogsrud, who is one of the attorneys for the plaintiffs.

The defendants, whom we shall hereafter refer to as Volk, on November 3, 1976 made a motion for dismissal of the complaint on the ground that the service of process was defective in that it did not comply with Rule 4(d)(1) of the North Dakota Rules of Civil Procedure because James Krogsrud was interested in the action being an attor-

ney for the plaintiffs, and this interest was enhanced by the request for reasonable attorney's fees. The trial court denied the motion for dismissal of the complaint and it is from that order that the defendants appeal to this court.

Before we may consider the merits of that appeal, however, we must consider the motion which was subsequently made for dismissal of the appeal and for damages pursuant to Rule 38 of the North Dakota Rules of Appellate Procedure.

■ The plaintiffs, whom we shall hereafter refer to as the Blue Arms, assert that the order denying the motion for dismissal of the complaint is merely an interlocutory order and is thus not appealable.

The Blue Arms assert that "as a rule, merely interlocutory decisions are not appealable, the general policy of the law being to permit an appeal only from final decisions or judgments, in the absence of a statute or rules specifically providing otherwise." 4 Am.Jur.2d *Appeal and Error* § 50, p. 572 (1962). They argue that North Dakota follows the above rule with respect to interlocutory orders. *Northwest Airlines, Inc. v. State Board of Equalization*, 244 N.W.2d 708 (N.D.1976); *Grenz v. O'Rourke*, 235 N.W.2d 881 (N.D.1975); *Wahpeton Public School Dist. No. 37 v. North Dakota Ed. Ass'n*, 166 N.W.2d 389 (N.D.1969); *Rude v. Letnes*, 154 N.W.2d 380 (N.D.1967); *Nord v. Koppang*, 131 N.W.2d 617 (N.D.1964); *In re Fettig's Estate*, 129 N.W.2d 823 (N.D.1964); *In re Glavkee's Estate*, 75 N.D. 118, 25 N.W.2d 925 (1947); *La Plante v. Implement Dealers Mut. Fire Ins. Co.*, 73 N.D. 159, 12 N.W.2d 630 (1944); *Schutt v. Federal Land Bank of St. Paul*, 71 N.D. 640, 3 N.W.2d 417 (1942).

Our court, in at least four cases prior to this one, has considered the appealability of an order denying a motion to dismiss a summons or complaint on the basis of defective process. In each case the appeal was dismissed as being not within the statutes governing appeals. *McKivergin v. Atwood*, 63 N.D. 73, 246 N.W. 41 (1932), where the motion was based upon an objection to the jurisdiction of the court over the person

of the defendant because of "the want of process"; *Ellingson v. Northwestern Jobbers' Credit Bureau*, 58 N.D. 754, 227 N.W. 360 (1929), where the motion was based upon the grounds that the defendant, being a foreign corporation, was improperly served within the State; *Security Nat'l Bank v. Bothne*, 56 N.D. 269, 217 N.W. 148 (1927), where a motion was made to dissolve an attachment and dismiss the plaintiff's action upon the ground that the plaintiff's alleged cause of action gave rise to no right of attachment and that the court thus had no jurisdiction of the parties or of the subject matter of the action; *Bennett v. Bennett*, 54 N.D. 86, 208 N.W. 846 (1926), where the motion was made upon the ground that no proper service of summons had been made.

In light of Volk's contention that the issue of jurisdiction may be raised at any time, notwithstanding the normal non-appealability of an order, we think it pertinent what this court said in *Security Nat'l Bank*:

"Whether or not the instant action is one in which substituted service may properly be made under the statute (section 7428, supra), and whether or not the court erred in denying the defendants' motion to dismiss on the ground of lack of jurisdiction, are questions which we cannot properly determine on this appeal. An order denying a motion to dismiss on the ground of lack of jurisdiction is purely an interlocutory order. The right of appeal from such an order depends wholly upon the statute." *Security Nat'l Bank v. Bothne, supra* at 149.

Although the basic rule on this issue was established years ago by our court before any of the present judges were members thereof, we think it significant that we have very recently sustained the view hereinbefore expressed. In *Grenz v. O'Rourke*, 235 N.W.2d 881 (N.D.1975), this court, speaking through Justice Sand at page 884 said:

"An order denying a motion to dismiss is not one of the grounds stated in Section 28–27–02. This court has had under

consideration a similar question, at which time subsections (1) and (5) of Section 28–27–02 were urged as bases for appealing an order denying a motion to dismiss. This court, in *McKivergin v. Atwood*, 63 N.D. 73, 246 N.W. 41 (1932); *Burdick v. Mann*, 59 N.D. 611, 231 N.W. 545 (1930); and *Ellingson v. Northwestern Jobbers' Credit Bureau*, 58 N.D. 754, 227 N.W. 360 (1929), rejected the argument that either subsection (1) or subsection (5) authorized an appeal from an order denying a motion for dismissal. It was, however, pointed out that under what is now Section 28–27–28, N.D.C.C., an order denying a motion for dismissal would be reviewable if it became part of the record on appeal, but such does not make it appealable independently and separately.

"If an appeal had been taken from the judgment on the merits of the case this order would have been reviewable."

Counsel for Volk, on the issue of appealability of an order denying a motion for dismissal of a summons and complaint prior to final judgment, refers us to no authority supporting his view that because the matter is jurisdictional this court should now reverse its previous decisions and conclude that the order is appealable.

Counsel has asserted his belief that his objective of keeping his 84-year-old lady client out of court is reason enough for our court, in light of the possible defect in the service of process, to consider the appeal in this case. We do not agree. We are concerned that such a decision would encourage piecemeal, fragmentary appeals which would have the effect of delaying unnecessarily the ultimate decision of issues before the courts. *See* 4 Am.Jur.2d, *Appeal and Error* § 48, p. 571 (1962).

We next turn to the issue involved in the motion for damages under Rule 38 of the North Dakota Rules of Appellate Procedure.

Rule 38 reads:

"If the court shall determine that an appeal is frivolous, it may award just damages and single or double costs to the

appellee, including reasonable attorney fees."

Counsel has argued earnestly, both orally and in his brief, with considerable citation of authority from federal courts and other state courts, in support of his contention that damages should be assessed in this case. He asserts that many courts have granted damages where an appeal was taken in the face of well-established decisions to the contrary. *Simon & Flynn, Inc. v. Time, Inc.*, 513 F.2d 832 (2d Cir., 1975); *Monroe Auto Equipment Co., Hartwell Div. v. NLRB*, 511 F.2d 611 (5th Cir. 1975); *Furbee v. Vantage Press, Inc.*, 150 U.S.App. D.C. 326, 464 F.2d 835 (1972); *South East Atlantic Shipping Ltd. v. Garnac Grain Co.*, 356 F.2d 189 (2d Cir. 1966); *Lowe v. Willacy*, 239 F.2d 179, 16 Alaska 499 (9th Cir. 1956); *Bonzon v. Metropolitan Life Ins. Co.*, 143 S.W.2d 336 (Mo.App.1940); *Detroit Trust Co. v. Agozzinio*, 280 Mich. 402, 273 N.W. 747 (1937); *Schumert-Warfield-Buja, Inc. v. Buie* 148 La. 726, 87 So. 726 (1921); *Huber v. Shedoudy*, 180 Cal. 311, 181 P. 63 (1919). He further asserts that case law consistently holds an order denying a motion to dismiss a summons and complaint not to be appealable, and that there are no well-established decisions in our State to the contrary.

With these first two contentions we agree, and apparently Volk agrees, as no citations have been asserted to the contrary. As to a third contention, that the issue ultimately to be decided on appeal, that of the sufficiency of the service of process, is not a "burning issue", we are not quite so certain. Since we have held that the order denying the dismissal of the complaint is not appealable, we do not decide that issue today. However, on the basis that the issue ultimately to be decided is a significant issue, we deny the motion for damages.

We believe that our action in disallowing damages is consistent with the views expressed by our court in other instances. Although we have never been asked to assess damages under Rule 38, N.D.R.App.P., as distinct from attorney's fees and costs,

we have disclosed a reluctance even to impose actual costs other than statutory, where we have found the appeal not to be frivolous. *See Danks v. Holland*, 246 N.W.2d 86, 91 (N.D.1976).

Having reaffirmed our previous position as to the non-appealability of an order denying a motion for dismissal of the summons and complaint, we trust that it will be unnecessary in the future to again restate our position.

For the reasons stated in this opinion, the motion for dismissal of the appeal from the order denying the motion for dismissal of the complaint is granted. Statutory costs are allowed, but damages are denied. The case is accordingly remanded to the trial court for proceedings not inconsistent with this opinion.

VOGEL, PEDERSON, PAULSON and SAND, JJ., concur.