**Elizabeth BECKER, on behalf of herself and her children, James Becker and Darlene Becker, Plaintiff and Appellee,**

v.

**Walter DOUBEK and Esther Doubek, Defendants and Appellants.**

**Civ. No. 9709.**

Supreme Court of North Dakota.

April 21, 1980.

Teevens, Johnson & Montgomery, Minot, for plaintiff and appellee; argued by Bruce Montgomery, Minot.

Anderson, Tossett & Dobrovolny, Minot, for defendants and appellants; argued by Collin Dobrovolny, Minot.

SAND, Justice.

This is an appeal from the Pierce County District Court's order denying defendants-

appellants Walter Doubek and Esther Doubek's motion for summary judgment in the above entitled case.

On 18 February 1976 a collision occurred between pickup trucks operated by Joseph F. Becker and Walter Doubek, respectively, resulting in Joseph F. Becker's death and injuries to Walter and Esther Doubek, who was a passenger in the Doubek vehicle. Walter Doubek and Esther Doubek commenced an action for damages against Elizabeth Becker and Wendelin Koble, personal representatives of the estate of Joseph F. Becker, a.k.a. Joe Becker, deceased for their personal injuries received in the collision of 18 February 1976.[1] (For the sake of simplicity, this case will be referred to as case A. The instant case will be referred to as case B.) An answer and a counterclaim were interposed to the Doubek complaint. Later, a second amended answer and a counterclaim generally denying the plaintiffs' claims and affirmatively asking indemnity or contribution from Walter Doubek if his wife, Esther, should be awarded damages from the Becker estate, dated 13 October were interposed to the Doubek's complaint. The amended answer and the counterclaim were signed by attorneys[2] Richard McGee or Clifford C. Grosz as attorneys for the personal representatives. The second action, the instant case, referred to as case B, was commenced by a complaint dated 28 February 1978 and was entitled "Elizabeth Becker in behalf of herself individually and her children, James Becker and Darlene Becker, Plaintiff, v. Walter Doubek and Esther Doubek, Defendants." The complaint was signed and endorsed by Bruce Montgomery.

The memorandum opinion of District Judge Douglas B. Heen, dated 30 September 1979, in which he directed that the motion for summary judgment be denied, also stated that on 4 October 1978 attorney Montgomery moved to consolidate case B, the Becker wrongful death action, with case A, the Doubeks' personal injury action. The memorandum opinion continued by stating:

"The Doubeks, although acknowledging that 'the same incident is involved in the two actions', resisted consolidation on the grounds that a timely Note of Issue had not been filed in case B., that consolidation were (sic) [would] be prejudicial to the Doubeks and that separate trials would lessen confusion and would be of aid in determining the liability of the respective parties. Consolidation was denied."

The memorandum opinion continued:

"On November 2, 1978, the jury in Case A returned a verdict finding that plaintiff Walter Doubek had sustained damages of $60,000 of which 10% were proximately caused by Walter's own negligence and 90% by that of decedent Joseph F. Becker. Following receipt of the verdict, the defendant personal representatives, by attorney McGee, unsuccessfully moved for judgment notwithstanding the verdict, or in the alternative, for a new trial.

"Thereafter, by a December 21, 1978, order of District Judge James H. O'Keefe who presided over the proceeding of case A, the claim of Esther Doubek—an original plaintiff but whose cause was not presented for jury determination and consequently no verdict received—was dismissed, the order reciting that a settlement had been made.

"The Becker estate defense and affirmative claims in case A[1] seemingly were under the control and direction of attorneys McGee and Grosz. Whether these attorneys were privately retained by the Becker estate or by an insurance carrier does not appear, nor does the relative participation by these attorneys in the trial and other case proceedings so appear.

"[1] Neither Esther Doubek's cause of action nor the Defendant estate's claim for indemnity

---

1. This case [case A] was entitled: Walter Doubek and Esther Doubek, Plaintiffs, v. Elizabeth Becker and Wendelin Koble, Personal Representatives of the. Estate of Joseph F. Becker, aka Joe Becker, deceased, Defendants.

2. There is a strong indication that the attorneys were representing the insurer more so, or rather than, the defendants.

or contribution from Walter Doubek should Esther be awarded damages were submitted for jury determination in case A as appears from the jury instructions and verdict, apparently the result of settlement during trial. The inference arises from all of this that the Becker estate defense was assumed by an insurance carrier.

"The records and files of case A do not disclose any appearance by attorney Montgomery, the Becker counsel in case B (the Becker wrongful death action) other than the motion to consolidate the actions."

During oral argument the court repeatedly brought to the attention of counsel that if the court were to get to the merits of the case the record, as presented, was too barren to entertain the issues raised. A supplemental appendix has since been provided to the Court, but, unfortunately, the record is still only a mere skeleton and totally inadequate to make a definitive resolution of the issues of res judicata, collateral estoppel, or compulsory counterclaim.

The appellants contended that the trial court erred in denying the motion for summary judgment of dismissal on the second case, case B, because it was res judicata and the subject matter should have been presented in a counterclaim to the first case, case A. This raises the further issue, under what circumstances must a counterclaim be interposed or are there exceptions to Rule 13(a), NDRCivP. The principal issue, however, is whether or not the order denying the motion for summary judgment of dismissal is appealable.

On the question of res judicata, this Court in *Dolajak v. State Automobile and Casualty Underwriters,* 252 N.W.2d 180 (N.D.1977), quoted from *Knutson v. Ekren,* 72 N.D. 118, 5 N.W.2d 74 (1942):

" ' . . . it is not enough even that it appears that the issue presented in the later suit was presented and ought to have been litigated in the former, but *it must appear* further that *it was litigated and decided,* as well as involved.' (*Teigen v. Drake,* 13 N.D. 502, 508, 101 N.W. 893)."

See also, *Robertson Lumber Co. v. Progressive Contractors, Inc.,* 160 N.W.2d 61 (N.D. 1968), where the court said:

"The term 'res judicata' means a thing or a matter that has been definitely and finally settled and determined on its merits by the decision of a court of competent jurisdiction."

In *Heasley v. Glinz,* 142 N.W.2d 606 (N.D. 1966), our Court said, on page 607:

"The doctrine of res judicata as stated in many cases is that an existing final judgment rendered upon the merits, without fraud or collusion, by a court of competent jurisdiction, is conclusive of rights, questions, and facts in issue, as to the parties and their privies, in all other actions in the same or any other judicial tribunal of concurrent jurisdiction."

For other cases on the same subject see *State ex rel. Stockman v. Anderson,* 184 N.W.2d 53 (N.D.1971), where the North Dakota Supreme Court in original proceedings had under consideration the constitutionality of § 29 of the North Dakota Constitution, as amended, and whether or not it was res judicata by reason of a three-judge federal court decision in *Paulson v. Meier,* 232 F.Supp. 183 (D.N.D.1964), which held that §§ 26, 29, and 35 of the North Dakota Constitution, as well as § 54–03–01, NDCC, were unconstitutional and in violation of the fourteenth amendment to the Federal Constitution. The Court, in resolving the question, noted that the parties were different in the two cases and therefore the proceedings in one cannot be held to be res judicata as to the other. This conclusion was reached even though the subject matter was whether or not §§ 29 and 35 of the North Dakota Constitution were invalid.

In *Dolajak, supra,* this Court relied heavily upon the jury instructions in the ultimate disposition of the question whether or not the Montana case was res judicata with reference to a subsequent district court case initiated in North Dakota. This case is mentioned to illustrate that in certain instances to ultimately determine and resolve the question whether or not a certain action should be deemed res judicata the actions must be examined minutely in great detail

even to the point of examining the instructions to the jury. The record before us will not permit a detailed examination which is necessary to determine whether or not the theory of res judicata has application. If we were to surmise and speculate as to what happened in the trial court, which we would have to do because the record is scanty and sparse, then our resolution of the issues would be no better than the material it is based upon, which in this case would be surmise and speculation.

At the proceedings on 1 Nov. 1978 before the Honorable James H. O'Keefe, Judge of the District Court, the record discloses that the action by Esther Doubek was dismissed and a counterclaim against Walter Doubek was withdrawn.

On the issue whether or not the failure to file a compulsory counterclaim pursuant to Rule 13(a) of the North Dakota Rules of Civil Procedure barred the bringing of a subsequent action on the same subject matter, Judge Heen, in his memorandum opinion, noted that § 1417, page 96, and § 1418, page 103, in Volume 6 of Wright & Miller, Federal Practice and Procedure, recognizes an exemption to the compulsory provision if the insurance company controls the action. The appellee in case B in his brief, under Statement of Facts, asserts the following:

"As the claim was not timely filed against the estate [case A] and, as a Defendant, the only party actually involved was the motor vehicle liability insurer of the deceased, Joseph Becker. The attorney for the insurance company submitted an Answer and at the same time, counterclaimed for an amount of money equal to the no-fault benefits paid to the widow of Joseph Becker. The attorney for the Estate of Joseph Becker did not want to represent the survivors of Joseph F. Becker in a Wrongful Death action and did attempt to refer this action to several other attorneys."

The compulsory counterclaim and the subsequent case issue is a matter which rests basically upon a determination and resolution of questions of fact which need to be resolved before these issues can be properly determined. The record before us simply does not provide us with sufficient facts to make this determination.

Even if we were inclined to make an effort to resolve all issues that were presented in this case [B], we do not have the necessary portions of the record before us nor do we have the necessary facts or information which are needed to resolve the question of whether or not the action [case B] is res judicata, and for that matter the trial court did not have an opportunity to nor was it required to make any specific findings on questions of fact which would have a direct bearing on the application of Rule 13(a), NDRCivP, regarding compulsory counterclaims and the bringing of a separate action at a later date.

Be that as it may, the overriding issue is whether or not a denial of a motion for summary judgment is appealable which cannot be overlooked or disregarded.

The Legislature determines what is appealable, and in this respect the North Dakota Legislature has enacted § 28–27–02, North Dakota Century Code, which sets out what is appealable to the Supreme Court.

In *Blue Arm v. Volk*, 254 N.W.2d 427 (N.D.1977), Chief Justice Erickstad set out an impressive list of cases which stand for the proposition that an order denying a motion for a dismissal is interlocutory and is not appealable. The cases are as follows:

*Northwest Airlines, Inc. v. State Board of Equalization*, 244 N.W.2d 708 (N.D. 1976);

*Grenz v. O'Rourke*, 235 N.W.2d 881 (N.D. 1975);

*Wahpeton Public School Dist. No. 37 v. North Dakota Ed. Ass'n*, 166 N.W.2d 389 (N.D.1969);

*Rude v. Letnes*, 154 N.W.2d 380 (N.D. 1967);

*Nord v. Koppang*, 131 N.W.2d 617 (N.D. 1964);

*In re Fettig's Estate*, 129 N.W.2d 823 (N.D.1964);

*In re Glavkee's Estate*, 75 N.D. 118, 25 N.W.2d 925 (1947);

*LaPlante v. Implement Dealers Mut. Fire Ins. Co.,* 73 N.D. 159, 12 N.W.2d 630 (1944);

*Schutt v. Federal Land Bank of St. Paul,* 71 N.D. 640, 3 N.W.2d 417 (1942).

Some of the foregoing cases involve orders denying motions for summary judgment, particularly *Rude v. Letnes, supra.*

In *Grenz v. O'Rourke,* 235 N.W.2d 881 (N.D.1975) this Court held that an order denying a motion to dismiss is not one of the grounds stated in § 28–27–02, NDCC, and specifically that subsections (1) and (5) do not provide for an appeal of such orders. Cases in support of this conclusion are:

*McKivergin v. Atwood,* 63 N.D. 73, 245 N.W. 41 (1932);

*Burdick v. Mann,* 59 N.D. 611, 231 N.W. 545 (1930);

*Ellingson v. Northwestern Jobbers' Credit Bureau,* 58 N.D. 754, 227 N.W. 360 (1929).

This denial of a motion to dismiss may be reviewable if it becomes part of the record on appeal but on its own is not appealable independently and separately. Chief Justice Erickstad, in the penultimate paragraph of the *Blue Arm* opinion stated:

"Having reaffirmed our previous position as to the non-appealability of an order denying a motion for dismissal of the summons and complaint, we trust that it will be unnecessary in the future to again restate our position."

We see no significant difference between an order denying a motion to dismiss or an order denying a motion for a summary judgment for dismissal.

On the basis of the foregoing, we must conclude that an order denying a motion for summary judgment is not appealable and the appeal is therefore dismissed.

ERICKSTAD, C. J., and PAULSON, PEDERSON and VANDE WALLE, JJ., concur.