**STATE BANK OF TOWNER, a North Dakota Corp., Plaintiff and Appellee,**

v.

**Albert HANSEN, Defendant and Appellant,**

**and**

**Robert Buxbaum and Fairview Farm Service, Inc., a Montana Corp., Defendants and Appellees.**

Civ. No. 9659.

Supreme Court of North Dakota.

Dec. 20, 1979.

Rehearing Denied Jan. 10, 1980.

Michael G. Sturdevant and Edward J. Bosch, Minot, for plaintiff and appellee.

William R. Mills, Bismarck, for defendant and appellant.

H. F. Gierke III, Watford City, for defendants and appellees (on brief).

VANDE WALLE, Justice.

Albert Hansen appeals from a summary judgment granted by the Ward County district court in favor of the State Bank of Towner (hereinafter "Towner Bank") and Robert Buxbaum and Fairview Farm Service, Inc. (who are collectively referred to as "Fairview"), against Hansen. We affirm.

In May of 1975, Fairview sold Hansen a new White four-wheel-drive tractor. Hansen made a down-payment in the form of a trade-in with the balance to be paid in annual installments due in May of 1977, 1978, and 1979. Fairview assigned this installment contract to the Pioneer State Bank of Towner (hereinafter "Pioneer Bank"). Pioneer Bank subsequently went into receivership and the contract was assigned to Towner Bank, its successor in interest.

Towner Bank brought three separate suits against Hansen for alleged nonpayment of amounts owed the bank on various transactions. Among these was the foreclosure action brought in November of 1977 against Hansen and Fairview, which had guaranteed payment if Hansen defaulted, on the installment contract for the tractor. Hansen answered denying the nonpayment and alleging that moneys received by Pioneer Bank and Towner Bank on unrelated transactions should have been applied to the installment contract. Fairview answered admitting the guaranty of the assigned contract to Pioneer Bank and cross-claimed against Hansen for indemnification on any judgment that Towner Bank would receive against Fairview, as well as for possession of the tractor.

Towner Bank moved for summary judgment asserting that there was no genuine issue as to any material fact and that it was entitled to judgment as a matter of law. In support of its motion for summary judgment, Towner Bank submitted affidavits, letters, and a portion of Hansen's deposition. In resistance to the motion, Hansen submitted depositions, affidavits, and a copy of an answer and counterclaim filed by him in another action. The district court granted summary judgment in favor of Towner Bank for the full amount remaining due on the installment contract, a deficiency judgment, and possession of the tractor. On an ex parte motion, permitted under North Dakota Rule of Civil Procedure 60, the judgment for Towner Bank was amended to include summary judgment for Fairview for any amount which it would be ordered to pay to Towner Bank.

Hansen now appeals from this granting of summary judgment against him and in favor of Towner Bank and Fairview.

N.D.R.Civ.P. 56, the summary-judgment rule, makes possible the prompt disposition of controversies on their merits without a trial where there is no dispute as to the salient facts or where only a question of law is involved. *Pioneer State Bank v. Johnsrud,* 284 N.W.2d 292 (N.D.1979); *Rude v. Letnes,* 154 N.W.2d 380 (N.D.1967).

A motion for summary judgment will be granted only if, after viewing the evidence in a light most favorable to the party against whom summary judgment is demanded, the court finds that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. N.D.R.Civ.P. 56(c); *Johnsrud, supra*; *Schoonover v. Morton County,* 267 N.W.2d 819 (N.D.1978).

Considering the evidence found in the pleadings, depositions, affidavits, and the inferences to be drawn therefrom in the light most favorable to Hansen, the party against whom the motion for summary judgment was made, we determine that Hansen entered into an installment contract with Fairview for a new tractor on May 1, 1975; that this contract was assigned to Pioneer Bank and subsequently reassigned to Towner Bank, its successor in interest; that Hansen made the first installment payment on August 4, 1976; and that Hansen has not made the remaining payments.

Hansen contends that whether or not he still owes any money on the tractor is a material-fact question. He contends that he does not know if any further payments were made because he does not know where the proceeds from other transactions involving Towner Bank or its predecessor, Pioneer Bank, and himself were credited. He supports this contention with affidavits and depositions concerned with the other transactions which contain allegations of misapplication of funds on the part of Towner Bank or its predecessor with regard to loans to buy cattle, insurance proceeds, and the conversion by Pioneer Bank of a separate note. These affidavits and depositions may be relevant to the other actions involving Towner Bank, Pioneer Bank, and Hansen that are still pending, but they have no bearing on the present action and do not support Hansen's contention that a genuine issue of material fact is raised as to the existence of the debt on the loan for the tractor.

Our conclusion that the affidavits and depositions submitted by Hansen are not relevant to the present action is supported by the district court's denial of Hansen's motion to consolidate this action with the other actions brought against him by Towner Bank. Under N.D.R.Civ.P. 42(a), actions may be joined only if they involve common questions of law or fact. The only relevance that this action has to the other actions still pending is that Hansen is a common defendant and Towner Bank is a common plaintiff in all of them.

Because the affidavits and depositions submitted for consideration on the motion for summary judgment do not support Hansen's contention that a genuine issue of material fact is raised as to the existence of the debt on the tractor loan, the district court properly concluded that Hansen was liable to Towner Bank for any amount remaining due on the installment contract and that Hansen would be liable to Fairview for any amount Fairview paid to Towner Bank on the installment contract.

Judgment affirmed.

ERICKSTAD, C. J., and PEDERSON, PAULSON and SAND, JJ., concur.